■ In the Matter of MERLE C. C., a Child Alleged to be Permanently Neglected. BRUCE C., Appellant; CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. (Appeal No. 1.) [636 NYS2d 519] —Order unanimously affirmed without costs. Memorandum: Respondent appeals from four separate orders of disposition entered in Cattaraugus County Family Court. Each order pertains to one of the four children of respondent and his estranged wife, and each finds the subject child to be permanently neglected, commits the guardianship and custody of the child to the Department of Social Services (DSS), and authorizes DSS to consent to the adoption of the child.

Respondent contends that DSS failed to present clear and convincing evidence warranting the termination of his parental rights on the ground that he failed to plan for the children's future and that DSS failed to establish "diligent efforts" to strengthen the parent-child relationship.

DSS established that its caseworkers made diligent efforts to strengthen and nurture the parent-child relationship and reunite the family *(see,* Social Services Law § 384-b [7] [a], [f] [1]-[5]; *Matter of Gregory B.,* 74 NY2d 77, 86; *Matter of Jamie M.,* 63 NY2d 388, 390). Over the course of $2^1/2$ years, the caseworkers consulted with respondent and attempted to cooperate with him in order to develop and carry out a plan. They referred him to parenting classes, mental health counseling, and marital counseling. The caseworkers arranged for biweekly visitation, provided homemaker services and transportation expenses, and repeatedly counseled and encouraged respondent, keeping him informed of the children's status and progress. Their greatest concentration of effort was to help re-

spondent to deal with the dilapidated and cluttered state of his trailer and yard. The caseworkers arranged for a building code inspection, counseled and encouraged respondent to make improvements, and arranged for the Health Department to test and retest the water supply and to give respondent instructions for installing a filter. The record reveals over 50 contacts between DSS and respondent over the period in question. There was no lack of diligent efforts.

The evidence likewise establishes respondent's permanent neglect of the children, in particular the failure to plan for their future in a realistic and feasible way (see, Social Services Law § 384-b [7] [a]). Respondent moved from agency-approved housing back into his trailer, which was decrepit and lacked running water and other utilities. His efforts to improve the property at the insistence of the agency and the local building inspector were fitful, unavailing, and soon abandoned. The water supply, once connected, was contaminated and respondent refused to remedy that situation. The record establishes that he lacked comprehension and insight into his problems, was unable to benefit from counseling and ultimately was asked to leave counseling because of his aggressive behavior toward the counselor. Similarly, during visitations with the children, respondent showed no affection toward them and failed to control their behavior. In sum, the record establishes that, in the $2^1/2$ years after the children were removed from the home, respondent was unable to change himself or his lifestyle and could not provide the children with a safe and stable home.

Respondent also contends that the court erred in receiving into evidence the entire case file, some of which was hearsay. The court did not receive the entire case file into evidence. Unlike the situation in *Matter of Leon RR* (48 NY2d 117), the court received the case file conditionally, subject to respondent's hearsay objections to individual statements. There is no indication that the court considered, credited, or relied upon inadmissible hearsay in reaching its determination. (Appeal from Order of Cattaraugus County Family Court, Nenno, J.— Terminate Parental Rights.) Present—Denman, P. J., Green, Fallon, Doerr and Boehm, JJ.