Parental Rights.) Present—Denman, P. J., Green, Fallon, Doerr and Boehm, JJ.

■ In the Matter of JAMES MICHAEL C., a Child Alleged to be Permanently Neglected. BRUCE C., Appellant; CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. (Appeal No. 3.) [636 NYS2d 682] —Order unanimously affirmed without costs. Same Memorandum as in *Matter of Merle C. C.* (222 AD2d 1061 [decided herewith]). (Appeal from Order of Cattaraugus County Family Court, Nenno, J.—Terminate Parental Rights.) Present—Denman, P. J., Green, Fallon, Doerr and Boehm, JJ.

■ In the Matter of JEAN ANN C., a Child Alleged to be Permanently Neglected. BRUCE C., Appellant; CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. (Appeal No. 4.) [636 NYS2d 682] —Order unanimously affirmed without costs. Same Memorandum as in *Matter of Merle C. C.* (222 AD2d 1061 [decided herewith]). (Appeal from Order of Cattaraugus County Family Court, Nenno, J.—Terminate Parental Rights.) Present—Denman, P. J., Green, Fallon, Doerr and Boehm, JJ.

■ NORMAN SHREIBER et al., Appellants, v FRANK A. DELIA et al., Respondents. [635 NYS2d 876] —Judgment unanimously reversed on the law without costs, complaint reinstated and judgment granted in accordance with the following Memorandum: Plaintiffs seek specific performance of a contract for the sale of commercial real property. Following a bench trial, Supreme Court dismissed the complaint on the ground that the essential terms of the mortgage to be provided by plaintiffs were lacking and that the contract was indefinite and therefore unenforceable *(see, Martin Delicatessen v Schumacher,* 52 NY2d 105; *Willmott v Giarraputo,* 5 NY2d 250). That was error.

The contract required defendants to apply for a 25-year conventional fixed-rate mortgage loan in an amount not to exceed the purchase price of $325,000, at an interest rate of 11.5%. The contract further provided that, if defendants were unable to secure a mortgage commitment, plaintiffs had the option "to obtain such financing on behalf of [defendants] or to provide same at current commercial loan rates."

We conclude that the terms of the mortgage to be provided by plaintiffs are reasonably certain and that the contract is enforceable. The term, amount and rate of interest are not indefinite simply because they are not expressed in specific numbers *(see, Cobble Hill Nursing Home v Henry & Warren Corp.,* 74 NY2d 475, 483, *cert denied* 498 US 816). The term and amount