■  In the Matter of NICHOLAS FRANCIS K., an Infant. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; EDWARD K., Appellant. (Proceeding No. 1.) In the Matter of TABITHA JILLIAN K., an Infant. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; EDWARD K., Appellant. (Proceeding No. 2.) [798 NYS2d 516]—

In two related proceedings pursuant to Social Services Law § 384-b to terminate the father's parental rights on the ground of permanent neglect, the father appeals, as limited by his brief, from so much of two orders of fact-finding and disposition (one as to each child) of the Family Court, Westchester County (Cooney, J.), both dated March 29, 2004, as, after fact-finding and dispositional hearings, determined that he had permanently neglected the subject children, terminated his parental rights, and transferred custody and guardianship of the subject children to the Westchester County Department of Social Services without his presence at the continued fact-finding hearing and the dispositional hearing.

Ordered that the orders are affirmed insofar as appealed from, without costs or disbursements.

The father's contention that the Family Court erred in terminating his parental rights in the absence of "unusual, justifiable circumstances . . . without his presence at the hearing" is without merit. The father and his attorney participated in the fact-finding hearing on January 20, 2004, and cross-examined the petitioner's witness thereat. At the conclusion of the testimony at the fact-finding hearing on January 20, 2004, the Family Court advised the parties of the scheduled adjournment

date, and advised the father, in particular, that the proceedings would continue in his absence. Although the father acknowledged such fact and appeared on the scheduled adjournment date, he voluntarily left the courthouse before the commencement of the continued fact-finding hearing. Moreover, the father's attorney did not object or move for an adjournment when the court announced that the fact-finding hearing would continue in the father's absence. In fact, the father's attorney indicated, in response to the court's inquiry, that he did not wish to adjourn the dispositional hearing, which immediately followed the completion of the fact-finding hearing. Further, the father's attorney participated in the continued fact-finding hearing, as well as the dispositional hearing.

Inasmuch as the father did not challenge the merits of the determination terminating his parental rights, we do not consider the petitioner's and Law Guardian's remaining arguments with respect thereto. Florio, J.P., H. Miller, Cozier and Spolzino, JJ., concur.