# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**281**
**CAF 13-01406**
PRESENT: SCUDDER, P.J., LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF KYLA E. AND TYLER E.
--------------------------------------------------
ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES,     MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

STEPHANIE F., RESPONDENT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR RESPONDENT-APPELLANT.

GORDON J. CUFFY, COUNTY ATTORNEY, SYRACUSE (MAGGIE SEIKALY OF COUNSEL), FOR PETITIONER-RESPONDENT.

THEODORE W. STENUF, ATTORNEY FOR THE CHILDREN, MINOA.

---

Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered July 29, 2013 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent mother appeals from an order that, inter alia, terminated her parental rights with respect to the subject children on the ground of permanent neglect. We affirm. Although the mother correctly contends that Family Court erred in admitting hearsay testimony from one of petitioner's witnesses (*see* Family Ct Act § 624; *Matter of Nicholas C. [Erika H.—Robert C.]*, 105 AD3d 1402, 1402; *see generally Matter of Leon RR*, 48 NY2d 117, 121), we nevertheless conclude that "[a]ny error in the admission of [those] statement[s] is harmless because the result reached herein would have been the same even had such [statements] been excluded" (*Matter of Tyler W. [Stacey S.]*, 121 AD3d 1572, 1572-1573 [internal quotation marks omitted]; *see Matter of Marino S.*, 100 NY2d 361, 372, *cert denied* 540 US 1059). Moreover, "[t]here is no indication that the court considered, credited, or relied upon inadmissible hearsay in reaching its determination" (*Matter of Merle C.C.*, 222 AD2d 1061, 1062, *lv denied* 88 NY2d 802).

Contrary to the mother's further contention, petitioner established "by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between [the

mother] and the child[ren]" (*Matter of Ja-Nathan F.*, 309 AD2d 1152, 1152; *see* Social Services Law § 384-b [3] [g] [i]; [7] [a]) and that, despite her participation in some of the services afforded her, the mother "did not successfully address or gain insight into the problems that led to the removal of the child[ren] and continued to prevent the child[ren]'s safe return" (*Matter of Giovanni K.*, 62 AD3d 1242, 1243, *lv denied* 12 NY3d 715; *see* § 384-b [7] [a]; *Ja-Nathan F.*, 309 AD2d at 1152; *Matter of Shanika F.*, 265 AD2d 870, 870).

Finally, the mother did not request a suspended judgment at the dispositional hearing and thus failed to preserve for our review her contention that the court erred in failing to grant that relief (*see Matter of Atreyu G. [Jana M.]*, 91 AD3d 1342, 1343, *lv denied* 19 NY3d 801). In any event, "the record of the dispositional hearing establishes that . . . any progress that [the mother] made 'was not sufficient to warrant any further prolongation of the child[ren's] unsettled familial status' " (*Matter of Jose R.*, 32 AD3d 1284, 1285, *lv denied* 7 NY3d 718).

Entered:  March 20, 2015                    Frances E. Cafarell
                                            Clerk of the Court