Appeal from an order of the Family Court, Herkimer County (John J. Brennan, J.), dated July 8, 2016 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent had neglected the subject children.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: On appeal from an order adjudging her two children to be neglected, respondent mother contends that Family Court should have granted an adjournment or permitted the mother to participate by telephone when she was unable to appear for the trial. One month before the trial on the petition, the mother was personally served with a notice informing her of the trial date and warning her that, if she failed to appear for the trial, the court would proceed in her absence “on an inquest basis.” At some point thereafter, the mother relocated to Michigan. On the eve of the trial, the court received a letter from the mother in which she stated that she did not have the money to travel to New York and back to Michigan. The mother stated that she went to Michigan because she was “not working and . . . not eligible for social services” in New York. The mother asked if she “could get a phone interview.”
 

 On the day of the trial, the court informed the mother’s attorney that it was denying the mother’s request to appear by telephone for the trial. The attorney neither objected to the court’s statement nor requested an adjournment. We thus conclude that the mother failed to preserve for our review her present contention, raised for the first time on appeal, that the court erred in refusing to adjourn the trial and proceeding in her absence (see Matter of Nicholas Francis K., 20 AD3d 478, 478-479 [2d Dept 2005]; see also Matter of Keara MM. [Naomi MM.], 84 AD3d 1442, 1444 [3d Dept 2011]).
 

 In contrast, the mother’s contention that the court erred in refusing to allow her to participate in the trial by telephone is preserved for our review because “the issue was contested” and decided against her (Matter of Thomas B. [Calla B.], 139 AD3d 1402, 1404 [4th Dept 2016]). We nevertheless conclude that reversal is not warranted. Domestic Relations Law § 75-j (2), which applies to all child custody proceedings, including neglect proceedings (see § 75-a [4]), states that a court “may permit an individual residing in another state ... to testify by telephone” or other electronic means (emphasis added). It is a permissive statute and thus “does not require courts to allow testimony by telephone or electronic means in all cases” (Thomas B., 139 AD3d at 1404; see Matter of Barnes v McKown, 74 AD3d 1914, 1914 [4th Dept 2010], lv denied 15 NY3d 708 [2010], cert denied 562 US 1234 [2011]). Inasmuch as the mother relocated to Michigan less than one month before the trial date without notifying petitioner (cf. Thomas B., 139 AD3d at 1404), we conclude that the court did not abuse its discretion in denying her request to appear by telephone.
 

 The mother further contends that the court erred in admitting in evidence the entire case file concerning her from another county’s Department of Social Services because that file contained unredacted, inadmissible hearsay (see generally Matter of Leon RR, 48 NY2d 117, 122 [1979]). We agree with petitioner and the Attorney for the Child that, even though the case file contained some inadmissible hearsay, any error in its admission is harmless because “ ‘the result reached herein would have been the same even had such record[s], or portions thereof, been excluded’” (Matter of Alyshia M.R., 53 AD3d 1060, 1061 [4th Dept 2008], lv denied 11 NY3d 707 [2008]; cf. Leon RR, 48 NY2d at 122-124). Moreover, “[t]here is no indication that the court considered, credited, or relied upon inadmissible hearsay in reaching its determination” (Matter of Merle C.C., 222 AD2d 1061, 1062 [4th Dept 1995], lv denied 88 NY2d 802 [1996]; see Matter of Kyla E. [Stephanie F.], 126 AD3d 1385, 1386 [4th Dept 2015], lv denied 25 NY3d 910 [2015]).
 

 Present—Centra, J.P., Peradotto, Lindley, Curran and Troutman, JJ.