Matter of Tyree B. (Christina H.) (2018 NY Slip Op 02944)





Matter of Tyree B. (Christina H.)


2018 NY Slip Op 02944


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


283 CAF 16-01495

[*1]IN THE MATTER OF TYREE B., JR., AND AMAREE B. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; CHRISTINA H., RESPONDENT, AND TYREE B., RESPONDENT-APPELLANT. 






DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.
JAMES E. BROWN, BUFFALO, FOR PETITIONER-RESPONDENT.
MELISSA A. CAVAGNARO, BUFFALO, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered August 18, 2016 in a proceeding pursuant to Family Court Act article 10. The order, among other things, determined that respondents abused their three-month-old child and derivatively abused their two-year-old child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent father appeals from an order adjudging that respondents abused their three-month-old child and derivatively abused their two-year-old child. We reject the father's contention that the evidence is legally insufficient to support Family Court's findings with respect to the younger child. Petitioner presented the testimony of a physician establishing that the younger child had a fractured humerus and rib, and the explanation offered by respondents for those injuries was inconsistent with the nature and severity of the injuries. Petitioner therefore established a prima facie case of child abuse with respect to the younger child (see Family Ct Act
§ 1046 [a] [ii]), and the father failed to rebut the presumption of parental responsibility (see Matter of Philip M., 82 NY2d 238, 246 [1993]). Contrary to the father's contention, petitioner "was not required to establish whether [respondent] mother or the father actually inflicted the injuries, or whether they did so together . . . [, and] the [father's] denial of fault and [the mother's] attempt to blame [the older child] for the injuries [were] insufficient to rebut [petitioner's] prima facie evidence of . . . abuse" (Matter of Nyheem E. [Jamila G.], 134 AD3d 517, 518 [1st Dept 2015]; see Matter of Jacinta J., 140 AD2d 990, 991-992 [4th Dept 1988]).
The father also contends that the court erred in admitting the entire case file in evidence because the case file contained some hearsay. We reject that contention. Here, unlike in Matter of Leon RR (48 NY2d 117, 120 [1979]), the court received the case file conditionally, subject to the father's hearsay objections (see Matter of Merle C.C., 222 AD2d 1061, 1062 [4th Dept 1995], lv denied 88 NY2d 802 [1996]). We note in any event that any error in admitting the case file in evidence is harmless because "the result reached herein would have been the same even had such record[s], or portions thereof, been excluded . . . Moreover, [t]here is no indication that the court considered, credited, or relied upon inadmissible hearsay in reaching its determination" (Matter of Jaydalee P. [Codilee R.], 156 AD3d 1477, 1478 [4th Dept 2017] [internal quotation marks omitted]; see Merle C.C., 222 AD2d at 1062).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court