Matter of Nino H. (Danielle F.--James H.) (2021 NY Slip Op 00920)





Matter of Nino H. (Danielle F.--James H.)


2021 NY Slip Op 00920


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, TROUTMAN, AND WINSLOW, JJ.


17 CAF 19-02080

[*1]IN THE MATTER OF NINO H. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; DANIELLE F. AND JAMES H., RESPONDENTS-APPELLANTS.






BELLETIER LAW OFFICE, SYRACUSE (ANTHONY BELLETIER OF COUNSEL), FOR RESPONDENT-APPELLANT DANIELLE F.
TODD G. MONAHAN, LITTLE FALLS, FOR RESPONDENT-APPELLANT JAMES H.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (MAGGIE SEIKALY OF COUNSEL), FOR PETITIONER-RESPONDENT.
SUSAN B. MARRIS, MANLIUS, ATTORNEY FOR THE CHILD. 


 Appeals from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered September 30, 2019 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, adjudicated the subject child to be a neglected child. 
It is hereby ORDERED that said appeal of respondent James H. from the order insofar as it concerns the disposition is unanimously dismissed and the order is affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent father and respondent mother appeal from an order that, inter alia, adjudicated the subject child to be a neglected child based on a finding of derivative neglect. Contrary to the contentions of respondents, Family Court's finding of derivative neglect has a sound and substantial basis in the record (see Matter of Carmela H. [Danielle F.], 164 AD3d 1607, 1607 [4th Dept 2018], lv dismissed in part and denied in part 32 NY3d 1190 [2019]; Matter of Rashawn J. [Veronica H.-B.], 159 AD3d 1436, 1437 [4th Dept 2018]). Furthermore, the father failed to preserve for our review his contentions that the court should have recused itself (see Matter of Chromczak v Salek, 173 AD3d 1750, 1750 [4th Dept 2019]), that the Attorney for the Child should have been removed (see Matter of Buckley v Kleinahans, 162 AD3d 1561, 1562 [4th Dept 2018]), and that certain testimony was improperly admitted (see Matter of Cyle F. [Alexander F.], 155 AD3d 1626, 1627 [4th Dept 2017], lv denied 30 NY3d 911 [2018]). Finally, the father's challenge to the dispositional provisions in the order, which were entered upon the parties' consent, is not properly before us because " 'no appeal lies from that part of an order entered on consent' " (Carmela H., 164 AD3d at 1608).
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court