Matter of Lil B. J.-Z. (Jessica N.J.) (2021 NY Slip Op 02931)





Matter of Lil B. J.-Z. (Jessica N.J.)


2021 NY Slip Op 02931


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.


415 CAF 20-00240

[*1]IN THE MATTER OF LIL B. J.-Z. ORLEANS COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; JESSICA N.J., RESPONDENT-APPELLANT. (APPEAL NO. 2.)






LORENZO NAPOLITANO, ROCHESTER, FOR RESPONDENT-APPELLANT.
DANA A. GRABER, ALBION, FOR PETITIONER-RESPONDENT.
CHARLES PLOVANICH, ROCHESTER, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Orleans County (Sanford A. Church, J.), entered February 3, 2020 in a proceeding pursuant to Family Court Act article 10. The order, among other things, continued the subject child's placement with petitioner. 
It is hereby ORDERED that said appeal from the order insofar as it concerns the disposition is unanimously dismissed and the order is affirmed without costs.
Memorandum: In appeal No. 1, respondent mother appeals from an order entered after a fact-finding hearing that, inter alia, found the subject child to be neglected. In appeal No. 2, the mother appeals from an order of disposition that adjudged the child to be neglected and, among other things, maintained placement of the child with petitioner pending a future permanency hearing.
As an initial matter, the mother's appeal from the order in appeal No. 1 must be dismissed inasmuch as the appeal from the dispositional order in appeal No. 2 brings up for review the propriety of the fact-finding order in appeal No. 1 (see Matter of Jaime D. [James N.] [appeal No. 2], 170 AD3d 1524, 1525 [4th Dept 2019], lv denied 34 NY3d 901 [2019]). Further, the mother's appeal from the order in appeal No. 2 insofar as it concerns the disposition must be dismissed as moot because that part of the order has expired by its terms (see id.; Matter of Gabriella G. [Jeannine G.], 104 AD3d 1136, 1136 [4th Dept 2013]). The mother "may nevertheless challenge the underlying neglect adjudication because it constitutes a permanent stigma to a parent and may, in future proceedings, affect a parent's status" (Jaime D., 170 AD3d at 1525 [internal quotation marks omitted]).
Contrary to the mother's contention, however, we conclude that petitioner met its burden of establishing neglect by a preponderance of the evidence (see Matter of Lyndon S. [Hillary S.], 163 AD3d 1432, 1433 [4th Dept 2018]). "A respondent's mental condition may form the basis of a finding of neglect if it is shown by a preponderance of the evidence that his or her condition resulted in imminent danger to the child[ ]," although "[p]roof of mental illness alone will not support a finding of neglect . . . The evidence must establish a causal connection between the parent's condition, and actual or potential harm to the child[ ]" (id. [internal quotation marks omitted]; see Matter of Matigan G. [Sara E.W.-G.], 145 AD3d 1484, 1485-1486 [4th Dept 2016], lv denied 29 NY3d 904 [2017]). Here, petitioner met its burden by establishing that the mother's mental health condition resulted in both harm and "imminent danger" to the child during the period alleged in the neglect petition (Lyndon S., 163 AD3d at 1433 [internal quotation marks omitted]).
The mother failed to preserve for our review her further contention that Family Court erred in conducting portions of the fact-finding hearing in her absence (see Matter of Jaydalee P. [*2][Codilee R.], 156 AD3d 1477, 1477 [4th Dept 2017], lv denied 31 NY3d 904 [2018]). In any event, "a parent's right to be present at every stage of a Family Court Act article 10 proceeding is not absolute" and, "when faced with the unavoidable absence of a parent, a court must balance the respective rights and interests of both the parent and the child in determining whether to proceed" (Matter of Kenneth C. [Terri C.], 145 AD3d 1612, 1613 [4th Dept 2016], lv denied 29 NY3d 905 [2017] [internal quotation marks omitted]). Under the circumstances of this case, we conclude that the court did not err in proceeding in the mother's absence and, moreover, that "her attorney fully represented her at the fact-finding . . . hearing[ ], and thus the mother has not demonstrated that she suffered any prejudice arising from her absence" (id.).
We have considered the mother's remaining contentions and conclude that they lack a basis in the record.
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court