Matter of Milo C. (Daniella C.) (2023 NY Slip Op 01410)

Matter of Milo C. (Daniella C.)

2023 NY Slip Op 01410

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND MONTOUR, JJ.

179 CAF 22-00266

[*1]IN THE MATTER OF MILO C. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; DANIELLA C., RESPONDENT-APPELLANT, AND JOSHUA C., RESPONDENT.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (THOMAS M. LEITH OF COUNSEL), FOR RESPONDENT-APPELLANT. 
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (ERIN WELCH FAIR OF COUNSEL), FOR PETITIONER-RESPONDENT. 
ELIZABETH SCHENCK, SYRACUSE, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Onondaga County (Christina F. DeJoseph, J.), entered January 11, 2022 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that the subject child had been derivatively neglected. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent mother appeals from an order entered after a fact-finding hearing that found that the subject child, her youngest, had been derivatively neglected. Contrary to the mother's contention, Family Court's finding of derivative neglect has a sound and substantial basis in the record (see Matter of Nino H. [Danielle F.], 191 AD3d 1407, 1408 [4th Dept 2021], lv denied 37 NY3d 903 [2021]; Matter of Carmela H. [Danielle F.], 164 AD3d 1607, 1607 [4th Dept 2018], lv dismissed in part and denied in part 32 NY3d 1190 [2019]). Here, petitioner established that the neglect of the subject child's two oldest siblings and subsequent guardianship order entered for those children as well as another sibling " 'was so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still existed' " (Matter of Burke H. [Tiffany H.], 117 AD3d 1568, 1568 [4th Dept 2014]; see Matter of Sasha M., 43 AD3d 1401, 1402 [4th Dept 2007]). Although the mother showed, inter alia, that she attended some parenting classes and therapy sessions, she failed to meet her burden of demonstrating that the circumstances leading to the prior neglect "cannot reasonably be expected to exist currently or in the foreseeable future" (Matter of Lamairik S. [Jonas S.], 192 AD3d 1483, 1484 [4th Dept 2021], lv denied 37 NY3d 905 [2021]).
The mother further contends that the court erred in admitting in evidence the entire case file from the Ontario County Department of Social Services because the case file contained some hearsay. We reject that contention. Here, the court admitted the case file in evidence conditionally, subject to the mother's hearsay objections (see Matter of Merle C.C., 222 AD2d 1061, 1062 [4th Dept 1995], lv denied 88 NY2d 802 [1996]), and "[t]here is no indication that the court considered, credited, or relied upon inadmissible hearsay in reaching its determination" (id.). Regardless, we conclude that " 'any error in [the] admission [of the case file] is harmless because the result reached herein would have been the same even had such record[s], or portions thereof, been excluded' " (Matter of Jaydalee P. [Codilee R.], 156 AD3d 1477, 1478 [4th Dept 2017], lv denied 31 NY3d 904 [2018]).
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court