# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**543**
**CAF 15-00550**
PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

IN THE MATTER OF JOSHUA T.N., JUSTIN W.N.,
AND TAWNY L.M.
----------------------------------------
WAYNE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

MEMORANDUM AND ORDER

TOMMIE M., JR., RESPONDENT-APPELLANT.

---

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.

GARY LEE BENNETT, LYONS, FOR PETITIONER-RESPONDENT.

V. BRUCE CHAMBERS, ATTORNEY FOR THE CHILDREN, NEWARK.

---

Appeal from an order of the Family Court, Wayne County (Dennis M. Kehoe, J.), entered March 13, 2015 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights with respect to the subject children.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent father appeals from an order that terminated his parental rights with respect to the subject children on the ground of permanent neglect and transferred guardianship and custody of the children to petitioner. Contrary to the father's contention, we conclude that petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the father and the children, taking into consideration the particular problems facing the father and tailoring its efforts to assist him in overcoming those problems (*see* § 384-b [7] [a]; *cf. Matter of Olivia L.*, 41 AD3d 1226, 1226-1227). The evidence adduced at the fact-finding hearing established that petitioner, inter alia, scheduled regular visitation and referred the father to services designed to address his needs regarding his mental health, anger management, alleged substance abuse, and parenting skills. We reject the father's contention that petitioner could not engage in diligent efforts to reunite him with his children while simultaneously planning for the children's potential adoption (*see Matter of Anastasia S. [Michael S.]*, 121 AD3d 1543, 1544, *lv denied* 24 NY3d 911; *see generally Matter of Maryann Ellen F.*, 154 AD2d 167, 169-170, *appeal dismissed* 76 NY2d 773).

We also reject the father's contention that petitioner did not prove that he failed to plan for the children's future, " 'including that [he failed to] address[ ] the problems that caused the removal' of the child[ren]" (*Matter of Rachael N. [Christine N.]*, 70 AD3d 1374, 1374, *lv denied* 15 NY3d 708). Although the father took advantage of some of the services offered by petitioner, petitioner demonstrated that, among other things, the father "inconsistently appl[ied] the knowledge and benefits [he] obtained from the services provided," continued to "act[ ] inappropriately in the child[ren]'s presence" (*Matter of Douglas H. [Catherine H.]*, 1 AD3d 824, 825, *lv denied* 2 NY3d 701), and on occasion failed to cooperate with representatives of petitioner despite a prior order directing that he do so. We therefore conclude that petitioner demonstrated by clear and convincing evidence "that the father 'failed to address successfully the problems that led to the removal of the child[ren] and continued to prevent the child[ren]'s safe return' " (*Matter of Justain R. [Juan F.]*, 93 AD3d 1174, 1175; *see Matter of Nathaniel T.*, 67 NY2d 838, 841-842).

Finally, the father failed to preserve for our review his contention that Family Court abused its discretion in failing to issue a suspended judgment (*see Matter of Dakota H. [Danielle F.]*, 126 AD3d 1313, 1315, *lv denied* 25 NY3d 909). In any event, a suspended judgment was not warranted under the circumstances, despite the father's participation in services, inasmuch as the father did not, in the two years between the removal of the children and the filing of the permanent neglect petition, make any progress " 'sufficient to warrant any further prolongation of the child[ren]'s unsettled familial status' " (*Matter of Donovan W.*, 56 AD3d 1279, 1280, *lv denied* 11 NY3d 716).

Entered:  June 17, 2016                    Frances E. Cafarell
                                           Clerk of the Court