# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1030

CAF 15-00093

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, LINDLEY, AND CURRAN, JJ.

---

IN THE MATTER OF KENDALLE K.
-------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,        MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

CORIN K., RESPONDENT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.

ERIC R. ZIOBRO, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL).

-------------------------------------------------------------------------------

Appeal from an order of the Family Court, Erie County (Sharon M.
LoVallo, J.), entered November 17, 2014 in a proceeding pursuant to
Social Services Law § 384-b. The order, among other things,
terminated the parental rights of respondent mother to the subject
child on the ground of permanent neglect and freed the child for
adoption.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent mother appeals from an order that, among other
things, terminated her parental rights to the subject child on the
ground of permanent neglect and freed the child for adoption. The
child was initially removed from the mother's custody after it was
discovered that the child had been sexually abused by the mother's
boyfriend. Thereafter, the mother admitted that the child had
disclosed the abuse to her and that she had failed to take action to
protect the child. Family Court found that the mother had neglected
the child, and the mother agreed to a service plan with petitioner.
Petitioner subsequently commenced this proceeding.

Contrary to the contention of the mother, we conclude that
petitioner established by clear and convincing evidence that it made
diligent efforts to encourage and strengthen the relationship between
the mother and the child (*see* Social Services Law § 384-b [7] [a];
*Matter of Jerikkoh W. [Rebecca W.]*, 134 AD3d 1550, 1550, *lv denied* 27
NY3d 903). The evidence at the fact-finding hearing established that
petitioner, among other things, facilitated visitation between the
mother and child, arranged for parenting classes and monitored the

mother's progress therein, conducted service plan reviews, and referred the mother to mental health services (*see Matter of Joshua T.N. [Tommie M.]*, 140 AD3d 1763, 1763, *lv denied* 28 NY3d 904; *Jerikkoh W.*, 134 AD3d at 1550-1551; *Matter of Burke H. [Richard H.]*, 134 AD3d 1499, 1500).

Contrary to the mother's further contention, petitioner established that, despite those efforts, the mother failed to plan substantially and continuously for the future of the child, although able to do so (*see* Social Services Law § 384-b [7] [a]).  " '[T]o plan for the future of the child' . . . mean[s] to take such steps as may be necessary to provide an adequate, stable home and parental care for the child" (§ 384-b [7] [c]).  Here, although the mother participated in some of the services offered by petitioner, the record establishes, among other things, that she failed to comply with the requirement that she consistently attend mental health counseling as recommended by petitioner (*see Jerikkoh W.*, 134 AD3d at 1551; *Burke H.*, 134 AD3d at 1501; *Matter of Nicholas B. [Eleanor J.]*, 83 AD3d 1596, 1597, *lv denied* 17 NY3d 705).  The court thus properly concluded that the mother refused to engage meaningfully in the treatment necessary to address her failure to place the child's needs before her own, which repeatedly jeopardized the child's safety.  Considering the totality of the evidence presented at the fact-finding hearing, we conclude that petitioner demonstrated by clear and convincing evidence that the mother "did not successfully address or gain insight into the problem that led to the removal of the child and continued to prevent the child's safe return" (*Matter of Giovanni K.*, 62 AD3d 1242, 1243, *lv denied* 12 NY3d 715; *see Jerikkoh W.*, 134 AD3d at 1551; *Burke H.*, 134 AD3d at 1501).

Contrary to the mother's further contention, the record supports the court's determination that termination of her parental rights is in the best interests of the child, and that a suspended judgment was not warranted under the circumstances inasmuch as any progress made by the mother prior to the dispositional determination was insufficient to warrant any further prolongation of the child's unsettled familial status (*see Burke H.*, 134 AD3d at 1502).