Appeal from an order of the Family Court, Livingston County (Robert B. Wiggins, J.), entered May 20, 2016 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, terminated the parental rights of respondent.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: Respondent father appeals from an order that, inter alia, terminated his parental rights with respect to the subject child on the ground of permanent neglect and transferred guardianship and custody of the child to petitioner.
 

 We reject the father’s contention that reversal is required because petitioner did not comply with the statutory requirement of contacting the child’s paternal grandmother (grandmother) and advising her of the pendency of this proceeding and her right to seek to become a foster parent or to seek custody of the child (see Family Ct Act § 1017 [1]). Even assuming, arguendo, that petitioner failed to fulfill its statutory duty with respect to the child’s grandmother, we conclude that reversal is not required. The provisions of article 10 explicitly require a best interests analysis when a relative petitions for custody of a child (see § 1055-b [a] [ii]; Matter of Lundyn S. [Al-Rahim S.], 144 AD3d 1511, 1511-1512 [2016], lv denied 29 NY3d 901 [2017]). Here, however, the grandmother filed a petition for custody of the child. Family Court denied that petition after determining that it was not in the child’s best interests for custody to be granted to the grandmother, and that determination is not reviewable on the present appeal. Thus, we conclude that petitioner’s notification of the grandmother pursuant to section 1017 could not have led to placement of the child with the grandmother.
 

 Contrary to the father’s further contention, petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the father and the child (see Social Services Law § 384-b [7] [a]). The evidence adduced at the fact-finding hearing established that petitioner, inter alia, scheduled regular visitation between the two and referred the father to tailored services designed to address his needs regarding his mental health and parenting skills (see Matter of Joshua T.N. [Tommie M.], 140 AD3d 1763, 1763 [2016], Iv denied 28 NY3d 904 [2016]; Matter of Jerikkoh W. [Rebecca W.], 134 AD3d 1550, 1550-1551 [2015], lv denied 27 NY3d 903 [2016]).
 

 We reject the father’s contention that petitioner did not prove that he permanently neglected the child. Although the father took advantage of some of the services offered by petitioner, petitioner demonstrated that he failed to fully comply with his service plan inasmuch as he did not regularly attend visitation and refused to engage in mental health treatment (see Matter of Chloe W. [Amy W.], 148 AD3d 1672, 1674 [2017], lv denied 29 NY3d 912 [2017]; Matter of Zachary H. [Jessica H.], 129 AD3d 1501, 1501 [2015], lv denied 25 NY3d 915 [2015]). Although the court misstated that the father failed to engage in recommended sex offender treatment, as opposed to the recommended mental health treatment, the misstatement does not warrant reversal (see Matter of Breann B., 185 AD2d 711, 711 [1992]).
 

 Finally, the court did not abuse its discretion in terminating the father’s parental rights rather than granting a suspended judgment. Despite the father’s participation in some services, he had not made progress “sufficient to warrant any further prolongation of the child [ ]’s unsettled familial status” {Joshua T.N., 140 AD3d at 1764 [internal quotation marks omitted]).
 

 Present — Carni, J.P., Lindley, NeMoyer, Curran and Troutman, JJ.