Matter of Soraya S. (Kathryne T.) (2018 NY Slip Op 00993)





Matter of Soraya S. (Kathryne T.)


2018 NY Slip Op 00993


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


159 CAF 16-01436

[*1]IN THE MATTER OF SORAYA S. CHAUTAUQUA COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; KATHRYNE T., RESPONDENT-APPELLANT, AND TIMOTHY S., RESPONDENT. 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR RESPONDENT-APPELLANT.
REBECCA L. DAVISON-MARCH, MAYVILLE, FOR PETITIONER-RESPONDENT. 
MARY SPEEDY HAJDU, ATTORNEY FOR THE CHILD, LAKEWOOD. 


 Appeal from an order of the Family Court, Chautauqua County (Judith S. Claire, J.), entered June 15, 2016 in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, determined that respondent Kathryne T. permanently neglected the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent mother appeals from an order that, inter alia, terminated her parental rights with respect to the subject child on the ground of permanent neglect and transferred guardianship and custody of the child to petitioner. Contrary to the mother's contention, petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the mother and the child (see Social Services Law § 384-b [7] [a]). The evidence adduced at the fact-finding hearing established that petitioner, inter alia, provided mental health care referrals, parenting classes, and transportation or bus tickets and/or mileage reimbursement to counseling and the child's medical appointments, and scheduled and coordinated visitation (see Matter of Joshua T.N. [Tommie M.], 140 AD3d 1763, 1763 [4th Dept 2016], lv denied 28 NY3d 904 [2016]; Matter of Jerikkoh W. [Rebecca W.], 134 AD3d 1550, 1550-1551 [4th Dept 2015], lv denied 27 NY3d 903 [2016]).
In addition, we conclude that, despite those diligent efforts, the mother failed to plan for the future of the child (see Matter of Burke H. [Richard H.], 134 AD3d 1499, 1500-1501 [4th Dept 2015]). "It is well settled that, to plan substantially for a child's future, the parent must take meaningful steps to correct the conditions that led to the child's removal' " (Jerikkoh W., 134 AD3d at 1551). Here, Family Court required the mother to complete various programs and to attend regularly appointments for mental health treatment, but she failed to do either. She voluntarily ceased attending her court-ordered attachment-based therapy and was not engaged or cooperative when she did attend. The mother also missed more than two-thirds of the child's medical appointments and failed to take advantage of numerous visitation opportunities. To the extent that the mother participated in any of the recommended or ordered programs or services, she "did not successfully address or gain insight into the problems that led to the removal of the child and continued to prevent the child's safe return" (Matter of Giovanni K., 62 AD3d 1242, 1243 [4th Dept 2009], lv denied 12 NY3d 715 [2009]; see Matter of Rachael N. [Christine N.], 70 AD3d 1374, 1374 [4th Dept 2010], lv denied 15 NY3d 708 [2010]), asserting that she did not "need to be taught how to be a parent."
Finally, the record supports the court's decision to terminate the mother's parental rights rather than to grant a suspended judgment (see Matter of Cyle F. [Alexander F.], 155 AD3d [*2]1626, 1627-1628 [4th Dept 2017]; Matter of Kendalle K. [Corin K.], 144 AD3d 1670, 1672 [4th Dept 2016]).
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court