Matter of Carl B. (Crystale L.) (2019 NY Slip Op 09209)





Matter of Carl B. (Crystale L.)


2019 NY Slip Op 09209


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, WINSLOW, AND BANNISTER, JJ.


1247 CAF 18-01670

[*1]IN THE MATTER OF CARL B., JR. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, PETITIONER-RESPONDENT; CRYSTALE L., RESPONDENT-APPELLANT.






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BENJAMIN L. NELSON OF COUNSEL), FOR RESPONDENT-APPELLANT.
MICHAEL E. DAVIS, COUNTY ATTORNEY, ROCHESTER (CAROL L. EISENMAN OF COUNSEL), FOR PETITIONER-RESPONDENT.
ELIZABETH deV. MOELLER, ROCHESTER, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Monroe County (Stacey Romeo, J.), entered August 13, 2018 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent mother appeals from an order adjudicating her child to be permanently neglected and terminating her parental rights with respect to that child. The mother contends that a new fact-finding hearing is required because Family Court erred in admitting in evidence a report by an independent psychiatrist who examined the mother, and visitation notes prepared by the Society for the Protection of Children (SPC) that memorialized the mother's visitation appointments with the child. We reject that contention. Even assuming, arguendo, that the court erred in admitting the documents in evidence, we conclude that "[a]ny error in the admission of [those documents] is harmless because the result reached herein would have been the same even had such [documents] been excluded" (Matter of Tyler W. [Stacey S.], 121 AD3d 1572, 1572-1573 [4th Dept 2014] [internal quotation marks omitted]; see Matter of Marino S., 100 NY2d 361, 372 [2003], cert denied 540 US 1059 [2003]; Matter of Kyla E. [Stephanie F.], 126 AD3d 1385, 1386 [4th Dept 2015], lv denied 25 NY3d 910 [2015]). "There is no indication that the court considered, credited or relied upon inadmissible hearsay in reaching its determination" (Matter of Merle C.C., 222 AD2d 1061, 1062 [4th Dept 1995], lv denied 88 NY2d 802 [1996]), including the psychiatrist's report and the SPC notes at issue here (cf. Matter of Chloe W. [Amy W.], 137 AD3d 1684, 1685 [4th Dept 2016]). In addition, even without reference to those documents, the clear and convincing proof presented at the fact-finding hearing established the mother's permanent neglect of the child (see Matter of Chloe W. [Amy W.], 148 AD3d 1672, 1674 [4th Dept 2017], lv denied 29 NY3d 912 [2017]; see also Matter of Ramel Anthony S. [Canita G.], 124 AD3d 445, 445 [1st Dept 2015]).
We further conclude that the court did not abuse its discretion in denying the mother's request for a suspended judgment. Contrary to the mother's contention, we conclude that "the record supports the court's determination that termination of [the mother's] parental rights is in the best interests of the child, and that a suspended judgment was not warranted under the circumstances inasmuch as any progress made by the mother prior to the dispositional determination was insufficient to warrant any further prolongation of the child's unsettled familial status" (Matter of Kendalle K. [Corin K.], 144 AD3d 1670, 1672 [4th Dept 2016]; see Matter of Cyle F. [Alexander F.], 155 AD3d 1626, 1627-1628 [4th Dept 2017], lv denied 30 [*2]NY3d 911 [2018]; Matter of Valentina M.S. [Darrell W.], 154 AD3d 1309, 1311 [4th Dept 2017]).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court