Matter of Jazmine M. (Willie R.) (2020 NY Slip Op 04093)





Matter of Jazmine M. (Willie R.)


2020 NY Slip Op 04093


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


726 CAF 18-02177

[*1]IN THE MATTER OF JAZMINE M. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; WILLIE R., RESPONDENT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE K. BLACKABY OF COUNSEL), FOR RESPONDENT-APPELLANT.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (YVETTE VELASCO OF COUNSEL), FOR PETITIONER-RESPONDENT.
SUSAN B. MARRIS, MANLIUS, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered October 18, 2018 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondents's parental rights with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent father appeals from an order by which Family Court, inter alia, terminated the father's parental rights based upon his admission that he permanently neglected the subject child. We reject the father's contention that the court abused its discretion in denying his request for an adjournment of the dispositional hearing. Initially, we conclude that the father preserved his contention inasmuch as he requested the adjournment (cf. Matter of Jaydalee P. [Codilee R.], 156 AD3d 1477, 1477 [4th Dept 2017], lv denied 31 NY3d 904 [2018]; see generally Matter of Cassini, 182 AD3d 1, 5-8 [2d Dept 2020]). Nevertheless, "[t]he granting [or denial] of an adjournment for any purpose is a matter resting within the sound discretion of the trial court" (Matter of Anthony M., 63 NY2d 270, 283 [1984]), and we conclude that the court did not abuse its discretion in adjourning the dispositional hearing for 10 weeks rather than the four months that the father requested.
Contrary to the father's further contention, the court properly denied his request for a suspended judgment. A suspended judgment is a "brief grace period designed to prepare the parent to be reunited with the child" (Matter of Michael B., 80 NY2d 299, 311 [1992]). Although the father participated in several programs in prison, "he had not made progress sufficient to warrant any further prolongation of the [child's] unsettled familial status" (Matter of Valentina M.S. [Darrell W.], 154 AD3d 1309, 1311 [4th Dept 2017] [internal quotation marks omitted]; see Matter of Lennox M. [Sarah M.-S.], 173 AD3d 1668, 1670 [4th Dept 2019]), and "even if the [father] were to be released from incarceration in the near future, []he would still need to address the issues that led to the [child's] removal in the first instance" (Lennox M., 173 AD3d at 1670).
We reject the further contention of the father that he was denied effective assistance of counsel inasmuch as he "did not demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (Matter of Brown v Gandy, 125 AD3d 1389, 1390 [4th Dept 2015] [internal quotation marks omitted]).
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court