Matter of Dante S. (Kathryne T.) (2020 NY Slip Op 07806)





Matter of Dante S. (Kathryne T.)


2020 NY Slip Op 07806


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


1161 CAF 19-00692

[*1]IN THE MATTER OF DANTE S. CHAUTAUQUA COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, PETITIONER-RESPONDENT; KATHRYNE T. AND TIMOTHY S., RESPONDENTS-APPELLANTS.






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT-APPELLANT KATHRYNE T.
DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT TIMOTHY S.
REBECCA L. DAVISON-MARCH, MAYVILLE, FOR PETITIONER-RESPONDENT.
MARY S. HAJDU, LAKEWOOD, ATTORNEY FOR THE CHILD. 


 Appeals from an order of the Family Court, Chautauqua County (Michael F. Griffith, A.J.), entered March 26, 2019 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondents with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent mother and respondent father each appeal from an order that, inter alia, terminated their parental rights with respect to the subject child on the ground of permanent neglect and transferred guardianship and custody of the child to petitioner. Contrary to respondents' contentions, petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between respondents and the child (see Social Services Law § 384-b [7] [a]). The evidence adduced at the fact-finding hearing established that petitioner, inter alia, developed a service plan; helped respondents obtain public assistance recertification and mental health treatment, including attachment therapy; provided referrals for domestic violence services, parenting classes, housing, and employment; provided transportation and parenting instruction; and facilitated supervised and unsupervised visitation (see Matter of Soraya S. [Kathryne T.], 158 AD3d 1305, 1305-1306 [4th Dept 2018], lv denied 31 NY3d 908 [2018]). We reject respondents' contentions that petitioner did not prove that they permanently neglected the child (see Matter of Valentina M.S. [Darrell W.], 154 AD3d 1309, 1311 [4th Dept 2017]). Petitioner established that, despite its efforts, respondents failed to plan appropriately for the child's future (see Soraya S., 158 AD3d at 1306; Matter of Burke H. [Richard H.], 134 AD3d 1499, 1500-1501 [4th Dept 2015]).
The mother failed to preserve for our review her contention that Family Court abused its discretion in not imposing a suspended judgment (see Burke H., 134 AD3d at 1502). In any event, a suspended judgment was not warranted under the circumstances inasmuch as " 'any progress made by the [mother] prior to the dispositional determination was insufficient to warrant any further prolongation of the [child's] unsettled familial status' " (Matter of Cyle F. [Alexander F.], 155 AD3d 1626, 1628 [4th Dept 2017], lv denied 30 NY3d 911 [2018]).
We have considered respondents' remaining contentions and conclude that none warrants reversal or modification of the order.
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court