Matter of Albina H. (2024 NY Slip Op 03717)

Matter of Albina H.

2024 NY Slip Op 03717

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024

PRESENT: WHALEN, P.J., BANNISTER, MONTOUR, OGDEN, AND DELCONTE, JJ. (Filed July 3, 2024.)

MOTION NO. (144/24) CAF 23-01110.

[*1]IN THE MATTER OF ALBINA H. AND ISAIAH H. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; XENIA H., RESPONDENT, AND JOHN H., RESPONDENT-APPELLANT.

MEMORANDUM AND ORDER
Motion for reargument be and the same hereby is granted and, upon reargument, the order entered March 15, 2024 (225 AD3d 1171 [4th Dept 2024]) is vacated and the following memorandum and order is substituted therefor:
Appeal from an order of the Family Court, Onondaga County (Christina F. DeJoseph, J.), entered June 21, 2023, in a proceeding pursuant to Social Services Law § 384-b. The order, insofar as appealed from, terminated respondent John H.'s parental rights with respect to the subject children.
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent father appeals from an order that, inter alia, terminated his parental rights with respect to the subject children. Contrary to the father's contention, we conclude that petitioner met its burden of establishing by clear and convincing evidence that it made the requisite diligent efforts to encourage and strengthen the father's relationship with the children (see § 384-b [7] [a]; Matter of Giovanni K., 62 AD3d 1242, 1243 [4th Dept 2009], lv denied 12 NY3d 715 [2009]; see generally Matter of Star Leslie W., 63 NY2d 136, 142 [1984]).
We reject the father's further contention that petitioner failed to establish, by clear and convincing evidence, that he permanently neglected the children. Permanent neglect "may be found only after it is established that the parent has failed substantially and continuously or repeatedly to maintain contact with or plan for the future of the child[ren] although physically and financially able to do so" (Star Leslie W., 63 NY2d at 142; see Social Services Law § 384-b [7] [a]). Here, the father's refusal to cooperate with petitioner and its service plan "demonstrated his unwillingness to plan for the future of his children" (Matter of Cheyenne C. [James M.] [appeal No. 2], 185 AD3d 1517, 1520 [4th Dept 2020], lv denied 35 NY3d 917 [2020]). Although the father eventually completed the services offered by petitioner, he failed to "progress meaningfully" 
to overcome the issues which led to the children's removal, which continued to prevent the children's safe return (Matter of Aric D.B. [Carrie B.], 221 AD3d 1502, 1503 [4th Dept 2023]). " '[A] parent is required to not only attend . . . classes, but to benefit from the services offered and utilize the tools or lessons learned in those classes in order to successfully plan for the child[ren's] future' " (Matter of Abraham C., 55 AD3d 1442, 1444 [4th Dept 2008], lv denied 12 NY3d 701 [2009]).
Finally, the father failed to preserve for our review his contention that Family Court abused its discretion in failing to issue a suspended judgment (see Matter of Joshua T.N. [Tommie M.], 140 AD3d 1763, 1764 [4th Dept 2016], lv denied 28 NY3d 904 [2016]). In any event, we reject the father's contention. The court at the dispositional hearing is concerned only with the best interests of the children (see Family Ct Act § 631; Star Leslie W., 63 NY2d at 147), and its determination is entitled to great deference (see Matter of Nathaniel T., 67 NY2d 838, 842 [1986]).