Matter of Vito v Dugan (2026 NY Slip Op 00721)

Matter of Vito v Dugan

2026 NY Slip Op 00721

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, GREENWOOD, NOWAK, AND HANNAH, JJ.

921 CAF 24-01503

[*1]IN THE MATTER OF JULIE A. VITO, PETITIONER-RESPONDENT,
vKYLE A. DUGAN, RESPONDENT-APPELLANT. (APPEAL NO. 1.) 

HAYDEN M. DADD, CONFLICT DEFENDANT, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR RESPONDENT-APPELLANT.
WILLIAM D. BRODERICK, JR., ELMA, ATTORNEY FOR THE CHILDREN.

 Appeal from an order of the Family Court, Livingston County (Kevin Van Allen, J.), dated September 6, 2024, in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted petitioner sole legal and physical custody of the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: In these consolidated appeals arising from proceedings pursuant to Family Court Act article 6 and article 8, respondent father appeals, in appeal No. 1, from an order of fact-finding and disposition that, among other things, granted petitioner mother sole legal and physical custody of the subject children, with supervised visitation to the father. In appeal No. 2, the father appeals from an order of protection issued against him. The two orders were issued on the same day following a combined hearing on the petitions.
Contrary to the father's contention with respect to both appeals, Family Court did not abuse its discretion in denying his request for an adjournment. It is well settled that "[t]he granting [or denial] of an adjournment for any purpose is a matter resting within the sound discretion of the trial court" (Matter of Anthony M., 63 NY2d 270, 283 [1984]; see Matter of Jazmine M. [Willie R.], 185 AD3d 1457, 1458 [4th Dept 2020], lv denied 36 NY3d 902 [2020]), and we perceive no basis to conclude that the court abused its discretion in denying the father's belated request to adjourn the proceedings on the morning of the hearing.
Contrary to the father's contention in appeal No. 2, the record supports the court's conclusion that the mother met her burden of establishing by a preponderance of the evidence that he committed acts constituting the family offense of harassment in the second degree (see Penal Law § 240.26 [1]; Matter of Mathis v Robinson, 233 AD3d 1524, 1525 [4th Dept 2024], lv denied 43 NY3d 904 [2025]; Matter of Harvey v Harvey, 214 AD3d 1462, 1463 [4th Dept 2023]). Here, the court credited the testimony of the maternal aunt, who testified that she observed the father physically and verbally berate the mother and the children and, on one occasion, observed the father grab the mother by the neck. Inasmuch as "[t]he determination whether respondent committed a family offense [is] a factual issue for the court to resolve, and [the] court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record" (Matter of Martin v Flynn, 133 AD3d 1369, 1370 [4th Dept 2015] [internal quotation marks omitted]), we perceive no reason to disturb the court's conclusion here.
Finally, we reject the father's contention in appeal No. 1 that the court erred in requiring that his visitation be supervised. "Courts have broad discretion in determining whether visits should be supervised" (Matter of Muriel v Muriel, 228 AD3d 1345, 1347 [4th Dept 2024] [internal quotation marks omitted]; see Matter of Campbell v January, 114 AD3d 1176, 1177 [*2][4th Dept 2014], lv denied 23 NY3d 902 [2014]), and that determination "will not be disturbed as long as there is a sound and substantial basis in the record to support it" (Matter of Procopio v Procopio, 132 AD3d 1243, 1244 [4th Dept 2015], lv denied 26 NY3d 915 [2015] [internal quotation marks omitted]). Here, the court's determination to impose supervised visitation is supported by a sound and substantial basis in the record.
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court