■ In the Matter of ALYSHIA M.R. and Others, Infants. MON-ROE COUNTY DEPARTMENT OF HUMAN SERVICES, Respondent; TRACEY L.R., Also Known as TRACEY R., et al., Appellants. [861 NYS2d 551]—

Appeals from an order of the Family Court, Monroe County (Gail A. Donofrio, J.), entered February 16, 2007 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, adjudged that the subject children are permanently neglected and committed guardianship and custody of the children to petitioner.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent parents appeal from an order of disposition that, upon a finding of permanent neglect, terminated their parental rights with respect to the four children at issue in this proceeding, committed guardianship and custody of the children to petitioner, and freed the children for adoption. Respondent mother is the biological parent of the four children, and respondent father is the biological parent of the youngest three of the four children. The putative father of the oldest child voluntarily surrendered his rights to the oldest child prior to the commencement of this proceeding.

We reject at the outset the contention of the father that Family Court erred in adjudicating his three children to be

permanently neglected. Petitioner established that the father failed to maintain contact with or plan for the future of his children although physically and financially able to do so, despite petitioner's diligent efforts to encourage and strengthen the relationship between the father and his children (*see* Social Services Law § 384-b [7] [a]; *Matter of Kyle S.*, 11 AD3d 935, 935-936 [2004]; *Matter of Ericka M.*, 285 AD2d 986 [2001]; *see generally Matter of Sheila G.*, 61 NY2d 368, 385 [1984]).

We further reject the father's contention that the court erred in admitting in evidence at the fact-finding hearing certain records concerning, inter alia, his drug rehabilitation. Those records were admissible under the business records exception to the hearsay rule (*see* CPLR 4518; *Matter of Noemi D.*, 43 AD3d 1303, 1304 [2007], *lv denied* 9 NY3d 814 [2007]), and we are unable to review the father's contention on appeal that the records contain double hearsay because the father has failed to identify any alleged instances of double hearsay. In any event, even assuming, arguendo, that the records were improperly admitted, we conclude that "the result reached herein would have been the same even had such record[s], or portions thereof, been excluded" (*Matter of Saffert*, 57 AD2d 758 [1977], *lv denied* 42 NY2d 806 [1977], *rearg denied* 42 NY2d 1015 [1977]; *cf. Matter of Leon RR.*, 48 NY2d 117, 122-124 [1979]).

In addition, we reject the contentions of the parents that the court abused its discretion in terminating their parental rights and in refusing to issue a suspended judgment (*see Matter of Dominique A.W.*, 17 AD3d 1038, 1039 [2005], *lv denied* 5 NY3d 706 [2005]). The court's determination at the dispositional hearing is entitled to great deference, particularly because it depended in large part on the court's assessment of the credibility of the witnesses (*see e.g. Matter of Nathaniel T.*, 67 NY2d 838, 842 [1986]; *Matter of Irene O.*, 38 NY2d 776, 777 [1975]). As the court properly determined, the evidence presented at the dispositional hearing established that there was no reason for " 'further prolongation of the child[ren]'s unsettled familial status' " (*Matter of Arella D.P.-D.*, 35 AD3d 1222, 1223 [2006], *lv denied* 8 NY3d 809 [2007]).

The parents failed to preserve for our review their contentions that the absence of information concerning the children's wishes requires reversal (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). In any event, although "the Law Guardian should have informed the court of the child[ren]'s wishes pursuant to the Guidelines for Law Guardians in the Fourth Department, the Law Guardian's failure to do so did not prevent the court from considering the child[ren]'s best interests" (*Mat-

*ter of Davona L.*, 45 AD3d 1392 [2007], *lv denied* 10 NY3d 707 [2008]).

We have considered the remaining contentions of the parents and conclude that they are without merit. Present—Scudder, P.J., Lunn, Fahey, Pine and Gorski, JJ.