Appeals from an order of the Family Court, Seneca County (Dennis F. Bender, J.), entered December 22, 2015 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent’s parental rights with respect to the subject children.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: In these consolidated appeals arising from proceedings pursuant to Social Services Law § 384-b, respondent father and the Attorney for the Child (AFC) for Corey F. each appeal from an order that, among other things, terminated the father’s parental rights on the ground of permanent neglect with respect to his children, Cyle F. and Corey F., and transferred guardianship and custody of the children to petitioner. We affirm.
 

 Contrary to the father’s contention, petitioner properly laid a foundation for those parts of the case file that Family Court admitted in evidence at the fact-finding hearing through the testimony of its caseworkers and typist, which established that they contemporaneously made those entries in the case file within the scope of their “statutory duty to maintain a comprehensive case record for [the children] containing reports of any transactions or occurrences relevant to [their] welfare” (Matter of Leon RR, 48 NY2d 117, 123 [1979]; see CPLR 4518 [a]; Social Services Law § 372; 18 NYCRR 441.7 [a]). We agree with the father, however, that the court erred in failing to consider his hearsay objections to the entries in the case file that contained statements by persons under no business duty to report to petitioner (see Leon RR, 48 NY2d at 123). Nonetheless, even assuming, arguendo, that the court improperly admitted in evidence the entries in the case file that contained hearsay, we conclude that the error is harmless because “ The result reached herein would have been the same even had such record[s], or portions thereof, been excluded’” (Matter of Alyshia M.R., 53 AD3d 1060, 1061 [4th Dept 2008], lv denied 11 NY3d 707 [2008]; cf. Leon RR, 48 NY2d at 122-124). Indeed, “[t]here is no indication that the court considered, credited, or relied upon inadmissible hearsay in reaching its determination” (Matter of Merle C.C., 222 AD2d 1061, 1062 [4th Dept 1995], lv denied 88 NY2d 802 [1996]; see Matter of Kyla E. [Stephanie F.], 126 AD3d 1385, 1386 [4th Dept 2015], lv denied 25 NY3d 910 [2015]).
 

 The father failed to preserve for our review his contention that the court improperly admitted and relied upon evidence that the father was regularly using marihuana after the date of the petition inasmuch as the father failed to object on that ground to the admission of such evidence. In any event, to the extent that the court erred in considering evidence of the father’s postpetition conduct, and in sua sponte taking judicial notice following the conclusion of the fact-finding hearing of the father’s prepetition marihuana use as established in the underlying neglect proceeding, without affording the father an opportunity to challenge such judicially-noticed facts (see Matter of Justin EE., 153 AD2d 772, 774 [3d Dept 1989], lv denied 75 NY2d 704 [1990]), we conclude that any errors are harmless. Even without reference to such evidence, the record of the fact-finding hearing contains sufficient admissible facts to support the court’s permanent neglect finding (see Matter of Isaiah F., 55 AD3d 1004, 1006 n 2 [3d Dept 2008]; Matter of Anjoulic J., 18 AD3d 984, 987 [3d Dept 2005]; see generally Matter of Chloe W. [Amy W.], 148 AD3d 1672, 1673-1674 [4th Dept 2017], lv denied 29 NY3d 912 [2017]).
 

 Contrary to the contentions of the father and the AFC for Corey F., we conclude that petitioner “established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the father and the children, taking into consideration the particular problems facing the father and tailoring its efforts to assist him in overcoming those problems” (Matter of Joshua T.N. [Tommie M.], 140 AD3d 1763, 1763 [4th Dept 2016], lv denied 28 NY3d 904 [2016]; see Social Services Law § 384-b [7] [f]; Matter of Burke H. [Richard H.], 134 AD3d 1499, 1500 [4th Dept 2015]; see generally Matter of Sheila G., 61 NY2d 368, 373 [1984]).
 

 Contrary to the further contentions of the father and the AFC for Corey F., we conclude that “the record supports the court’s determination that termination of [the father’s] parental rights is in the best interests of the [children], and that a suspended judgment was not warranted under the circumstances inasmuch as any progress made by the [father] prior to the dispositional determination was insufficient to warrant any further prolongation of the [children’s] unsettled familial status” (Matter of Kendalle K. [Corin K.], 144 AD3d 1670, 1672 [4th Dept 2016]; see Joshua T.N., 140 AD3d at 1764). To the extent that there are new facts and allegations relevant to our review of the dispositional determination (see Matter of Michael B., 80 NY2d 299, 318 [1992]), we note that, although Corey F. is now over 14 years old and is not prepared to consent to adoption (see Domestic Relations Law § 111 [1] [a]), the desires of a child who is over 14 years old is but one factor to consider in determining whether termination of parental rights is in the child’s best interests (see Social Services Law § 384-b [3] [k]; Matter of Teshana Tracey T. [Janet T.], 71 AD3d 1032, 1034 [2d Dept 2010], lv denied 14 NY3d 713 [2010]). Under the circumstances of this case, we conclude that “termination of the [father’s] parental rights with respect to [Corey F] is in his best interests, notwithstanding his hesitancy toward adoption” (Teshana Tracey T., 71 AD3d at 1034).
 

 Finally, contrary to the father’s contention, he was not deprived of effective assistance of counsel by his attorney’s failure to make evidentiary objections and other arguments to the court that had “little or no chance of success” (Matter of Kelsey R.K. [John J.K.], 113 AD3d 1139, 1140 [4th Dept 2014], lv denied 22 NY3d 866 [2014]). We further conclude that the father failed to “demonstrate the absence of strategic or other legitimate explanations for counsel’s [other] alleged shortcomings” (Matter of Brown v Gandy, 125 AD3d 1389, 1390 [4th Dept 2015] [internal quotation marks omitted]).
 

 Present— Centra, J.P., Peradotto, NeMoyer, Troutman and Winslow, JJ.