Matter of Fredericka S. (Jolanda S.) (2019 NY Slip Op 07191)





Matter of Fredericka S. (Jolanda S.)


2019 NY Slip Op 07191


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


917 CAF 18-00435

[*1]IN THE MATTER OF FREDERICKA S. AND DE'LAWRENCE S., III. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; JOLANDA S., RESPONDENT-APPELLANT. 






DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.
NICHOLAS G. LOCICERO, BUFFALO, FOR PETITIONER-RESPONDENT.
MELISSA A. CAVAGNARO, BUFFALO, ATTORNEY FOR THE CHILD.


 Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered February 21, 2018 in a proceeding pursuant to Social Services Law § 384-b. The order terminated respondent's parental rights with respect to the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent mother appeals from an order terminating her parental rights with respect to the subject children pursuant to Social Services Law § 384-b (4) (c). We affirm.
Contrary to the mother's contention, the admission in evidence of certain testimony of petitioner's expert did not violate the mother's right to due process under the two-part test stated in Matter of State of New York v Floyd Y. (22 NY3d 95 [2013]). Floyd Y. applies in a narrow context: the admission of hearsay evidence serving as the basis of an expert's opinion at civil commitment hearings held pursuant to article 10 of the Mental Hygiene Law (see id. at 106-109). In cases such as respondent's, however, courts apply the professional reliability exception to the foundational requirements for expert testimony without addressing Floyd Y. (see e.g. Matter of Angel SS. [Caroline SS.], 129 AD3d 1119, 1120 [3d Dept 2015]; Matter of Kaitlyn X. [Arthur X.], 122 AD3d 1170, 1171 [3d Dept 2014]). To the extent that Floyd Y. requires additional due process scrutiny in the civil commitment context, its analysis should not be applied to the instant Family Court proceedings.
In any event, even assuming, arguendo, that the court erred in allowing petitioner's expert to provide certain testimony, the error is harmless in light of the expert's non-hearsay testimony regarding his own testing and personal observations (see generally Matter of Alyshia M.R., 53 AD3d 1060, 1061 [4th Dept 2008], lv denied 11 NY3d 707 [2008]).
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court