Matter of Giohna R. (John R.) (2020 NY Slip Op 00759)





Matter of Giohna R. (John R.)


2020 NY Slip Op 00759


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


1181 CAF 18-01315

[*1]IN THE MATTER OF GIOHNA R. AND JOHNA R. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; JOHN R., AND TRACY R., RESPONDENTS-APPELLANTS. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR RESPONDENT-APPELLANT JOHN R. 
FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE K. BLACKABY OF COUNSEL), FOR RESPONDENT-APPELLANT TRACY R. 
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (YVETTE VELASCO OF COUNSEL), FOR PETITIONER-RESPONDENT.
LISA S. CUOMO, SYRACUSE, ATTORNEY FOR THE CHILDREN. 


 Appeals from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered July 6, 2018 in a proceeding pursuant to Social Services Law § 384-b. The order terminated respondents' parental rights with respect to the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent father and respondent mother appeal from an order that, inter alia, terminated their parental rights with respect to the subject children on the ground of permanent neglect and freed the children for adoption.
Initially, contrary to the mother's contention on her appeal, we conclude on this record that Family Court's prehearing ruling precluding certain evidence does not constitute reversible error (cf. Matter of Star Leslie W., 63 NY2d 136, 147 [1984]).
We also reject the mother's contention that the court erred in finding that she permanently neglected the subject children. Upon our review of the record, we conclude that "[p]etitioner met its burden of establishing by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the mother and [the children] by providing services and other assistance aimed at ameliorating or resolving the problems preventing [the children's] return to [the mother's] care . . . , and that the [mother] failed substantially and continuously to plan for the future of the child[ren] although physically and financially able to do so . . . Although the [mother] participated in [some of] the services offered by petitioner, [she] did not successfully address or gain insight into the problems that led to the removal of the child[ren] and continued to prevent the child[ren's] safe return" (Matter of Michael S. [Kathryne T.], 162 AD3d 1651, 1652 [4th Dept 2018], lv denied 32 NY3d 906 [2018] [internal quotation marks omitted]; see Social Services Law § 384-b [7] [a]; Matter of Alexander S. [David S.], 130 AD3d 1463, 1463 [4th Dept 2015], lv denied 26 NY3d 910 [2015], appeal dismissed and lv denied 26 NY3d 1030 [2015], rearg denied 26 NY3d 1132 [2016]).
Contrary to the mother's further contention, we conclude that "the record supports the court's determination that termination of her parental rights is in the best interests of the [*2]child[ren], and that a suspended judgment was not warranted under the circumstances inasmuch as any progress made by the mother prior to the dispositional determination was insufficient to warrant any further prolongation of the child[ren's] unsettled familial status" (Matter of Kendalle K. [Corin K.], 144 AD3d 1670, 1672 [4th Dept 2016]).
The mother's contention that the Attorney for the Children (AFC) was ineffective because she substituted her judgment for that of the children is "based on matters outside the record and is not properly before us" (Matter of Daniel K. [Roger K.], 166 AD3d 1560, 1561 [4th Dept 2018], lv denied 32 NY3d 919 [2019] [internal quotation marks omitted]). We also conclude that the record does not support the mother's additional contention that the AFC represented conflicting interests requiring her disqualification (see Matter of Smith v Smith, 241 AD2d 980, 980 [4th Dept 1997]; cf. Matter of Brian S. [Tanya S.], 141 AD3d 1145, 1148 [4th Dept 2016]).
We reject the father's contention on his appeal that the court erred in finding that he permanently neglected the subject children. Contrary to the father's contention, we conclude that "there is no evidence that [the father] had a realistic plan to provide an adequate and stable home for the child[ren]" (Matter of Jarrett P. [Jeremy P.], 173 AD3d 1692, 1695 [4th Dept 2019], lv denied 34 NY3d 902 [2019] [internal quotation marks omitted]). Contrary to the father's further contention, the record supports the court's determination that termination of the father's parental rights was in the best interests of the children (see Kendalle K., 144 AD3d at 1672).
Finally, we reject the father's contention that reversal is required because petitioner failed to properly notify the children's uncle and his fiancée of the instant proceeding. Even assuming, arguendo, that petitioner violated its statutory duty (see Family Ct Act § 1017 [1] [a]), the record establishes that the uncle and his fiancée were aware for years that the children had been placed in foster care, yet they did not express any interest in obtaining custody until several months into the fact-finding hearing. We thus conclude that no prejudice arose from any failure by petitioner to notify the uncle and his fiancée of this proceeding (see Matter of Mirabella H. [Angela I.], 162 AD3d 1733, 1734 [4th Dept 2018], lv denied 32 NY3d 909 [2018]; Matter of Elizabeth YY. v Albany County Dept. of Social Servs., 229 AD2d 618, 620-621 [3d Dept 1996]).
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court