Matter of Jewels J. (Justin J.) (2020 NY Slip Op 00950)





Matter of Jewels J. (Justin J.)


2020 NY Slip Op 00950


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


171 CAF 19-00160

[*1]IN THE MATTER OF JEWELS J. AND JUSTIN J. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, PETITIONER-RESPONDENT; JUSTIN J., RESPONDENT-APPELLANT.






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR RESPONDENT-APPELLANT.
MICHAEL E. DAVIS, COUNTY ATTORNEY, ROCHESTER (CAROL L. EISENMAN OF COUNSEL), FOR PETITIONER-RESPONDENT.
ELIZABETH deV. MOELLER, ROCHESTER, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Monroe County (Joseph G. Nesser, J.), entered October 5, 2018 in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondent with respect to the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent father appeals from an order that, inter alia, terminated his parental rights with respect to the subject children on the ground of permanent neglect. Contrary to the father's contention, the record supports Family Court's determination that termination of his parental rights, rather than a suspended judgment, is in the children's best interests (see Matter of Deon M. [Vernon B.], 170 AD3d 1586, 1587 [4th Dept 2019]; Matter of Kendalle K. [Corin K.], 144 AD3d 1670, 1672 [4th Dept 2016]). The record establishes that the father failed to complete his service plan and made inadequate efforts to exercise visitation with the children when he was able to do so (see Deon M., 170 AD3d at 1587). Moreover, the children have been in foster care nearly their entire lives and have developed a "strong and loving bond" with their foster parents, who want to adopt them (Matter of Alexander Z. [Jimmy Z.], 149 AD3d 1177, 1180 [3d Dept 2017]; see Matter of Burke H. [Richard H.], 134 AD3d 1499, 1502 [4th Dept 2015]). Any progress made by the father during the period of his most recent incarceration is insufficient to warrant further prolongation of the children's unsettled familial status (see Alexander Z., 149 AD3d at
1180; Kendalle K., 144 AD3d at 1672).
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court