Matter of Janette G. (Julie G.) (2020 NY Slip Op 01983)





Matter of Janette G. (Julie G.)


2020 NY Slip Op 01983


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, CURRAN, WINSLOW, AND BANNISTER, JJ.


192 CAF 18-02040

[*1]IN THE MATTER OF JANETTE G. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT;
and
JULIE G., RESPONDENT-APPELLANT.






CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
REBECCA HOFFMAN, BUFFALO, FOR PETITIONER-RESPONDENT.
JESSICA L. VESPER, BUFFALO, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered October 16, 2018 in a proceeding pursuant to Social Services Law § 384-b. The order terminated respondent's parental rights with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent mother appeals from an order that, inter alia, terminated her parental rights with respect to the subject child on the ground of permanent neglect and transferred guardianship and custody of the child to petitioner. We affirm.
We reject the mother's contention that petitioner failed to establish that it had exercised diligent efforts to encourage and strengthen the parent-child relationship, as required by Social Services Law § 384-b (7) (a). "Diligent efforts include reasonable attempts at providing counseling, scheduling regular visitation with the child, providing services to the parent[] to overcome problems that prevent the discharge of the child into [his or her] care, and informing the parent[] of [the] child's progress" (Matter of Jessica Lynn W., 244 AD2d 900, 900-901 [4th Dept 1997]; see § 384-b [7] [f]). Petitioner is not required, however, to "guarantee that the parent succeed in overcoming his or her predicaments" (Matter of Sheila G., 61 NY2d 368, 385 [1984]; see Matter of Jamie M., 63 NY2d 388, 393 [1984]). Rather, the parent must "assume a measure of initiative and responsibility" (Jamie M., 63 NY2d at 393). Here, petitioner established by clear and convincing evidence that it exercised diligent efforts to encourage and strengthen the mother's relationship with the child (see Matter of Nicholas B. [Eleanor J.], 83 AD3d 1596, 1597 [4th Dept 2011], lv denied 17 NY3d 705 [2011]; see generally
§ 384-b [3] [g] [i]). The mother contends that, because of her possible mental health issues, petitioner was required to do more than merely provide her referrals for services and leave her to manage them on her own. However, petitioner's evidence established that it did more than just give her referrals. Among other things, petitioner regularly checked the mother's progress, repeatedly encouraged her to actively participate in the recommended services despite her unwillingness to do so and her refusal to accept the need for those services, and attempted to send the mother transportation stipends. Thus, petitioner provided what services it could under the circumstances presented here (see Matter of Soraya S. [Kathryne T.], 158 AD3d 1305, 1305-1306 [4th Dept 2018], lv denied 31 NY3d 908 [2018]; Matter of Holden W. [Kelly W.], 81 AD3d 1390, 1390 [4th Dept 2011], lv denied 16 NY3d 712 [2011]).
Contrary to the further contention of the mother, we conclude that, despite petitioner's diligent efforts, the mother failed to plan for the child's future. " [T]o plan for the future of the child' shall mean to take such steps as may be necessary to provide an adequate, stable home and [*2]parental care for the child" (Social Services Law § 384-b [7] [c]). "At a minimum, parents must take steps to correct the conditions that led to the removal of the child from their home' " (Matter of Nathaniel T., 67 NY2d 838, 840 [1986]; see Matter of Crystal Q., 173 AD2d 912, 913 [3d Dept 1991], lv denied 78 NY2d 855 [1991]). Here, " there is no evidence that [the mother] had a realistic plan to provide an adequate and stable home for the child[ ]' " (Matter of Giohna R. [John R.], 179 AD3d 1508, 1509 [4th Dept 2020]; see Matter of Micah Zyair F.W. [Tiffany L.], 110 AD3d 579, 579 [1st Dept 2013]).
Finally, the record supports Family Court's decision to terminate the mother's parental rights rather than to grant a suspended judgment " inasmuch as any progress made by the [mother] prior to the dispositional determination was insufficient to warrant any further prolongation of the [child's] unsettled familial status' " (Matter of Cyle F. [Alexander F.], 155 AD3d 1626, 1627-1628 [4th Dept 2017], lv denied 20 NY3d 911 [2018]; see Matter of Kendalle K. [Corin K.], 144 AD3d 1670, 1672 [4th Dept 2016]).
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court