Matter of Steven D. (Steven D.--Nicole S.) (2020 NY Slip Op 06925)





Matter of Steven D. (Steven D.--Nicole S.)


2020 NY Slip Op 06925


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


1084 CAF 19-00244

[*1]IN THE MATTER OF STEVEN D., JR. AND AMANDA D. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, PETITIONER-RESPONDENT; STEVEN D., SR., AND NICOLE S., RESPONDENTS-APPELLANTS. 






BETH A. RATCHFORD, CANANDAIGUA, FOR RESPONDENT-APPELLANT STEVEN D., SR. 
TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR RESPONDENT-APPELLANT NICOLE S. 
JOHN P. BRINGEWATT, COUNTY ATTORNEY, ROCHESTER (CAROL L. EISENMAN OF COUNSEL), FOR PETITIONER-RESPONDENT.
ELLEN VANCLEAVE, BATH, ATTORNEY FOR THE CHILDREN. 


 Appeals from an order of the Family Court, Monroe County (Stacey Romeo, J.), entered January 2, 2019 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondents with respect to the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent mother and respondent father each appeal from an order that, inter alia, terminated their parental rights to the subject children on the ground of permanent neglect. We affirm.
We reject the parents' contentions that petitioner Monroe County Department of Human Services (DHS) failed to establish by clear and convincing evidence that it made the requisite diligent efforts to reunite them with their children (see Social Services Law § 384-b [7] [a]). The record amply establishes that DHS presented both parents with myriad services and resources to strengthen their relationship with the children, including parenting classes, therapeutic counseling, individual coaching, and mentoring (see Matter of Carl B., Jr. [Carl B., Sr.], 181 AD3d 1161, 1162-1163 [4th Dept 2020], lv denied 35 NY3d 910 [2020]; Matter of Brooke T. [Terri T.], 175 AD3d 1842, 1842 [4th Dept 2019]; Matter of Gina Rachel L., 44 AD3d 367, 368 [1st Dept 2007]). DHS also coordinated supervised visits between the parents and the subject children (see Matter of Janette G. [Julie G.], 181 AD3d 1308, 1308 [4th Dept 2020], lv denied 35 NY3d 907 [2020]).
We further conclude that DHS established by clear and convincing evidence that, despite its diligent efforts, both parents failed to adequately plan for the return of the children (see Social Services Law § 384-b [7] [a]). Although both parents did, in fact, participate in the services DHS provided, they did not improve their ability "to accept responsibility and modify their behavior" accordingly (Matter of Nathaniel T., 67 NY2d 838, 842 [1986]), nor did they gain "insight into the problems that led to the removal of the child[ren] and continued to prevent the child[ren's] safe return" (Matter of D'Angel M.-B. [Donell M.-B.], 173 AD3d 1764, 1765 [4th Dept 2019], lv denied 34 NY3d 911 [2020] [internal quotation marks omitted]; see Matter of Cayden L.R. [Melissa R.], 108 AD3d 1154, 1155 [4th Dept 2013], lv denied 22 NY3d 866 [2014]; Matter of Rachael N. [Christine N.], 70 AD3d 1374, 1374 [4th Dept 2010], lv denied 15 NY3d 708 [*2][2010]).
Even assuming, arguendo, that, as both parents contend, Family Court erred in refusing to qualify one of the mother's witnesses as an expert (see Rook v 60 Key Ctr., 239 AD2d 926, 927-928 [4th Dept 1997]), we conclude that the error was harmless because, given the circumstances of the case, the outcome would have been the same had the witness been qualified as an expert (see Matter of Alyshia M.R., 53 AD3d 1060, 1061 [4th Dept 2008], lv denied 11 NY3d 707 [2008]).
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court