Matter of Jion T. (Jill H.) (2022 NY Slip Op 01639)





Matter of Jion T.


2022 NY Slip Op 01639


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.


79 CAF 20-00636

[*1]IN THE MATTER OF JION T.  ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; JILL H., RESPONDENT-APPELLANT.






DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.
REBECCA HOFFMAN, BUFFALO, FOR PETITIONER-RESPONDENT. 
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (RUSSELL E. FOX OF COUNSEL), ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered March 11, 2020 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, transferred respondent's guardianship and custody rights with respect to the subject child to petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent mother appeals from an order that, inter alia, terminated her parental rights with respect to the subject child on the ground of mental illness. We affirm.
Contrary to the mother's contention, we conclude that petitioner established " 'by clear and convincing evidence that [the mother], by reason of mental illness, is presently and for the foreseeable future unable to provide proper and adequate care for [the] child[ ]' " (Matter of Jason B. [Phyllis B.], 160 AD3d 1433, 1434 [4th Dept 2018], lv denied 32 NY3d 902 [2018]; see Matter of Jason B. [Gerald B.], 155 AD3d 1575, 1575 [4th Dept 2017], lv denied 31 NY3d 901 [2018]). Testimony from petitioner's expert psychologist overwhelmingly established that the mother suffered from mental illness and that the child "would be in danger of being neglected if [he] were returned to [the mother's] care at the present time or in the foreseeable future" (Jason B., 160 AD3d at 1434).
The mother contends that reversal is required because petitioner's case consisted almost entirely of inadmissible hearsay. We reject that contention. Even assuming, arguendo, that her contention is fully preserved (see generally Matter of Raymond H. [Dana C.], 186 AD3d 1125, 1126 [4th Dept 2020]) and that Family Court improperly admitted hearsay into evidence at the fact-finding hearing (see generally Matter of Leon RR, 48 NY2d 117, 123 [1979]), we conclude that any error by the court in admitting the challenged testimony is harmless (see Matter of Norah T. [Norman T.], 165 AD3d 1644, 1645 [4th Dept 2018], lv denied 32 NY3d 915 [2019]; Matter of Cyle F. [Alexander F.], 155 AD3d 1626, 1626-1627 [4th Dept 2017], lv denied 30 NY3d 911 [2018]; Matter of Alyshia M.R., 53 AD3d 1060, 1061 [4th Dept 2008], lv denied 11 NY3d 707 [2008]).
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court