Matter of Zander W. (Lisa M.) (2023 NY Slip Op 06637)

Matter of Zander W. (Lisa M.)

2023 NY Slip Op 06637

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, OGDEN, AND NOWAK, JJ.

886 CAF 22-01145

[*1]IN THE MATTER OF ZANDER W. ORLEANS COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; LISA M., RESPONDENT-APPELLANT.

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR RESPONDENT-APPELLANT.
BRIAN P. DEGNAN, BATAVIA, FOR PETITIONER-RESPONDENT.
CHARLES PLOVANICH, ROCHESTER, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Orleans County (Sanford A. Church, J.), entered June 27, 2022, in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent mother appeals from an order that, inter alia, terminated her parental rights with respect to the subject child on the ground of permanent neglect and transferred guardianship and custody of the child to petitioner. We affirm.
We reject the mother's contention that petitioner failed to establish that it exercised diligent efforts to encourage and strengthen the parent-child relationship, as required by Social Services Law § 384-b (7) (a). "Diligent efforts include reasonable attempts at providing counseling, scheduling regular visitation with the child, providing services to the parent[ ] to overcome problems that prevent the discharge of the child into their care, and informing the parent[ ] of [the] child's progress" (Matter of Jessica Lynn W., 244 AD2d 900, 900-901 [4th Dept 1997]; see § 384-b [7] [f]). Petitioner is not required, however, to "guarantee that the parent succeed in overcoming his or her predicaments" (Matter of Sheila G., 61 NY2d 368, 385 [1984]; see Matter of Jamie M., 63 NY2d 388, 393 [1984]). Rather, the parent must "assume a measure of initiative and responsibility" (Jamie M., 63 NY2d at 393). Here, petitioner established by clear and convincing evidence (see § 384-b [3] [g] [i]) that it exercised diligent efforts to encourage and strengthen the mother's relationship with the child (see Matter of Janette G. [Julie G.], 181 AD3d 1308, 1308-1309 [4th Dept 2020], lv denied 35 NY3d 907 [2020]). Petitioner provided appropriate referrals to the mother for mental health counseling and parenting classes. In addition, petitioner scheduled regular visitation between the mother and the child, during which petitioner provided several different therapists to give medically necessary services to the child and, at the same time, educate the mother as to the child's needs (see Matter of Briana S.-S. [Emily S.] [appeal No. 2], 210 AD3d 1390, 1392 [4th Dept 2022], lv denied 39 NY3d 910 [2023]; Matter of Dagan B. [Calla B.] [appeal No. 3], 192 AD3d 1458, 1459 [4th Dept 2021], appeal dismissed 37 NY3d 977 [2021]; Matter of Asianna NN. [Kansinya OO.], 119 AD3d 1243, 1245 [3d Dept 2014], lv denied 24 NY3d 907 [2014]).
Contrary to the further contention of the mother, we conclude that, despite petitioner's diligent efforts, the mother failed to plan for the child's future. " '[T]o plan for the future of the child' shall mean to take such steps as may be necessary to provide an adequate, stable home and parental care for the child" (Social Services Law § 384-b [7] [c]). Here, "there is no evidence [*2]that [the mother] had a realistic plan to provide an adequate and stable home for the child[ ]" (Matter of Giohna R. [John R.], 179 AD3d 1508, 1509 [4th Dept 2020], lv dismissed in part & denied in part 35 NY3d 1003 [2020] [internal quotation marks omitted]).
Finally, the mother failed to preserve for our review her contention that Family Court should have granted a suspended judgment (see Matter of John D., Jr. [John D.], 199 AD3d 1412, 1414 [4th Dept 2021], lv denied 38 NY3d 903 [2022]; Matter of Atreyu G. [Jana M.], 91 AD3d 1342, 1343 [4th Dept 2012], lv denied 19 NY3d 801 [2012]). In any event, a suspended judgment was not warranted under the circumstances "inasmuch as any progress made by the [mother] prior to the dispositional determination was insufficient to warrant any further prolongation of the [child's] unsettled familial status" (Matter of Cyle F. [Alexander F.], 155 AD3d 1626, 1628 [4th Dept 2017], lv denied 30 NY3d 911 [2018] [internal quotation marks omitted]).
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court