Matter of Mea V. (2025 NY Slip Op 00739)

Matter of Mea V.

2025 NY Slip Op 00739

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, NOWAK, AND KEANE, JJ.

12 CAF 23-02177

[*1]IN THE MATTER OF MEA. - ORLEANS COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; BRANDON V., RESPONDENT-APPELLANT. 

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR RESPONDENT-APPELLANT.
DANA A. GRABER, ALBION, FOR PETITIONER-RESPONDENT.
MARY ANNE CONNELL, BUFFALO, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Orleans County (Sanford A. Church, J.), entered September 28, 2023, in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent father appeals from an order that, inter alia, terminated his parental rights with respect to the subject child. The child was removed from the father's custody after the child suffered multiple rib fractures on at least three occasions and an injured lung in 2019 and, since the child's removal, no further injuries have occurred. We now affirm.
Contrary to the father's contention, on the record before us, petitioner established that the father "failed to plan appropriately for the child's future" (Matter of Jerikkoh W. [Rebecca W.], 134 AD3d 1550, 1551 [4th Dept 2015], lv denied 27 NY3d 903 [2016]) and, despite services rendered by petitioner, "gained no insight into [his] own behavior," which led to the child's removal (Matter of Nathaniel T., 67 NY2d 838, 842 [1986]).
We also reject the father's contention that Family Court abused its discretion by denying his request for a suspended judgment because nothing in this record warrants " 'further prolongation of the [child's] unsettled familial status,' " especially given that the child has now been almost six years in petitioner's custody (Matter of Cyle F. [Alexander F.], 155 AD3d 1626, 1628 [4th Dept 2017], lv denied 30 NY3d 911 [2018]).
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court