Matter of Ayden G. (Nicky C.) (2025 NY Slip Op 04389)

Matter of Ayden G. (Nicky C.)

2025 NY Slip Op 04389

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, SMITH, NOWAK, AND HANNAH, JJ.

532 CAF 24-00141

[*1]IN THE MATTER OF AYDEN G. —————————————————————— CAYUGA COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT;
and
NICKY C., AND JUSTIN G., RESPONDENTS-APPELLANTS. 

ANDREW J. DIPASQUALE, ROCHESTER, FOR RESPONDENT-APPELLANT NICKY C. 
LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR RESPONDENT-APPELLANT JUSTIN G. 
LISA A. BOWMAN, AUBURN, FOR PETITIONER-RESPONDENT.
HEIDI S. CONNOLLY, SKANEATELES, ATTORNEY FOR THE CHILD. 

 Appeals from an order of the Family Court, Cayuga County (Jon E. Budelmann, A.J.), entered October 31, 2023, in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondents with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent mother and respondent father each appeal from an order that, inter alia, terminated their parental rights with respect to the subject child on the ground of permanent neglect, transferred guardianship and custody of the child to petitioner, and freed the child for adoption. We affirm.
Contrary to the father's contention on his appeal, we conclude that petitioner established by clear and convincing evidence (see Social Services Law § 384-b [3] [g] [i]) that it exercised diligent efforts to encourage and strengthen his relationship with the child (see Matter of Zander W. [Lisa M.], 222 AD3d 1395, 1396 [4th Dept 2023], lv denied 41 NY3d 909 [2024]; see generally Social Services Law § 384-b [7] [a]). The evidence adduced at the fact-finding hearing, including the testimony of a caseworker, established that petitioner, inter alia, provided referrals to mental health care and parenting classes; offered transportation assistance in the form of bus tickets to enable respondents to attend medical appointments; encouraged respondents to attend medical appointments for both the child and his half-sibling; provided prepaid phone cards to enable communication; and facilitated supervised and unsupervised visitation (see Matter of Soraya S. [Kathryne T.], 158 AD3d 1305, 1306 [4th Dept 2018], lv denied 31 NY3d 908 [2018]; see also Matter of Carter H. [Seth H.], 191 AD3d 1359, 1359 [4th Dept 2021]; Matter of Dante S. [Kathryne T.], 189 AD3d 2148, 2149 [4th Dept 2020], lv denied 37 NY3d 901 [2021]; Matter of Michael S. [Timothy S.], 159 AD3d 1378, 1379 [4th Dept 2018]). Contrary to the father's related assertion that the caseworker acted baselessly in telling the foster parents to cease driving respondents to medical appointments, the context of the caseworker's testimony makes clear that she viewed it as inappropriate for respondents to rely on the foster parents' resources to obtain transportation, and we conclude that the caseworker acted diligently by instead offering bus tickets to alleviate respondents' transportation issues (see Soraya S., 158 AD3d at 1306; Matter of Melissa DD., 45 AD3d 1219, 1220 [3d Dept 2007], lv denied 10 NY3d 701 [2008]; Matter of Aldin H., 39 AD3d 914, 915 [3d Dept 2007]). To the extent that there was conflicting testimony between the caseworker and respondents regarding whether respondents appropriately asked for [*2]and received the offered transportation assistance, Family Court resolved that conflict in favor of petitioner. "In a matter which turns almost entirely on assessments of the credibility of the witnesses and particularly on the assessment of the character and temperament of the parent[s], the findings of the nisi prius court must be accorded the greatest respect" (Matter of Irene O., 38 NY2d 776, 777 [1975]; see Matter of Kerensa D. [appeal No. 2], 278 AD2d 878, 879 [4th Dept 2000], lv denied 96 NY2d 707 [2001]), and we perceive no reason to disturb the court's credibility determination here.
The father next contends that the court, in rendering its bench decision in the presence of the parties and their counsel, erred in considering information contained in records from prior proceedings that had not been properly received in evidence at the fact-finding hearing. Inasmuch as there was no objection to the court's alleged error in considering material that had not been properly received in evidence, the father's evidentiary contention is not preserved for our review (see Matter of Colin R. [Marsha R.], 101 AD3d 1430, 1431 [3d Dept 2012], lv denied 20 NY3d 862 [2013]; see generally Matter of Cyle F. [Alexander F.], 155 AD3d 1626, 1627 [4th Dept 2017], lv denied 30 NY3d 911 [2018]).
Contrary to the father's further contention, the court did not err in determining that petitioner established by clear and convincing evidence that, despite its diligent efforts, the father failed to adequately plan for the return of the child (see Social Services Law
§ 384-b [7] [a]; Matter of Steven D., Jr. [Steven D., Sr.], 188 AD3d 1770, 1771 [4th Dept 2020], lv denied 36 NY3d 908 [2021]). The record establishes that, "[a]lthough [the father] participated in some parts of the program, [he] failed to address or mitigate on a consistent basis the problems preventing the return of the child and thus failed to plan for the future of the child" (Matter of Rasyn W., 254 AD2d 827, 827 [4th Dept 1998]). The court also properly determined that the father failed to maintain a stable employment and housing situation inasmuch as he was unemployed and respondents were $6,000 behind in rental payments (see Matter of Dileina M.F. [Rosa F.], 88 AD3d 998, 999 [2d Dept 2011], lv denied 18 NY3d 804 [2012]). Respondents' attendance at medical appointments was inconsistent (see Soraya S., 158 AD3d at 1306). Moreover, although respondents initially attended the required parenting skills class, the caseworker explained that respondents did not benefit from that service inasmuch as unsupervised visitation went poorly even after completion of the course, as evidenced by the fact that the child's behavior deteriorated and the half-sibling was injured (see Matter of Jaileen X.M. [Annette M.], 111 AD3d 502, 502 [1st Dept 2013], lv denied 22 NY3d 859 [2014]). Indeed, the record establishes that, despite having obtained less restrictive visitation, respondents could not appropriately handle unsupervised visitation with the child and the half-sibling and, on at least one occasion, the half-sibling returned from unsupervised visitation with bruising on his buttocks for which respondents provided inconsistent explanations, which the court found implausible and indicative of inadequate supervision (see id.; Matter of Ashley R. [Latarsha R.], 103 AD3d 573, 574 [1st Dept 2013], lv denied 21 NY3d 857 [2013]). In sum, the court properly concluded that the father permanently neglected the child inasmuch as the record establishes that the father "did not improve [his] ability to accept responsibility and modify [his] behavior accordingly . . . , nor did [he] gain insight into the problems that led to the removal of the [child] and continued to prevent the [child's] safe return" (Steven D., 188 AD3d at 1771 [internal quotation marks omitted]).
With respect to the disposition, the father initially contends that the court, in determining that termination of his parental rights was in the best interests of the child, erred in failing to elicit and consider additional evidence beyond that presented at the fact-finding hearing. That contention lacks merit inasmuch as the record establishes that respondents expressly consented to allowing the court to "dispense with the dispositional hearing and make an order of disposition on the basis of competent evidence admitted at the fact-finding hearing" (Family Ct Act § 625 [a]; see Matter of Danaryee B. [Erica T.], 151 AD3d 1765, 1766 [4th Dept 2017]; Matter of Jessica FF., 232 AD2d 891, 891-892 [3d Dept 1996]).
We reject respondents' contentions on their respective appeals that a suspended judgment was warranted. A suspended judgment "is a brief grace period designed to prepare the parent to be reunited with the child" (Matter of Michael B., 80 NY2d 299, 311 [1992]; see Danaryee B., 151 AD3d at 1766; Matter of James P. [Tiffany H.], 148 AD3d 1526, 1527 [4th Dept 2017], lv denied 29 NY3d 908 [2017]; see also Family Ct Act § 633), and "is only appropriate where the parent has clearly demonstrated that [they] deserve[ ] another opportunity to show that [they [*3]have] the ability to be a fit parent" (Matter of Matthew S., Jr. [Matthew S.], 169 AD3d 1456, 1456 [4th Dept 2019] [internal quotation marks omitted]). "The determination of whether to grant a suspended judgment must be based solely on the best interests of the child" (id.; see § 631).
Here, the record establishes that respondents "made only minimal progress in addressing the issues that resulted in the [child's] removal from [their] custody, which was not sufficient to warrant any further prolongation of the [child's] unsettled familial status" (James P., 148 AD3d at 1527 [internal quotation marks omitted]). The court's determination that, even if given more time, respondents were not likely to change sufficiently to enable them to parent the child is entitled to great deference (see Matthew S., Jr., 169 AD3d at 1456; see also Matter of Alyshia M.R., 53 AD3d 1060, 1061 [4th Dept 2008], lv denied 11 NY3d 707 [2008]). Contrary to respondents' assertions, the court's findings concerning respondents' problems with ensuring successful and safe unsupervised visitation, unresolved transportation issues, and financial issues and related unstable housing situation demonstrate that the court was properly concerned with and addressed the child's best interests, and we conclude that the court properly determined that a suspended judgment was unwarranted (see Danaryee B., 151 AD3d at 1766).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court