Matter of Kal-el F.
2026 NY Slip Op 04097
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF KAL-EL F. ---------------------------------------------------- ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; DAMON H., RESPONDENT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
452 CAF 25-01386
Present: Curran, J.P., Bannister, Montour, Greenwood, And Hannah, JJ.

CAITLIN M. CONNELLY, BUFFALO, FOR RESPONDENT-APPELLANT.
JULIE VILJOEN, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JORDYN E. PRINCIPALE OF COUNSEL), ATTORNEY FOR THE CHILD.

Appeal from an order of the Family Court, Erie County (Shannon E. Filbert, J.), entered July 29, 2025, in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights with respect to the subject child.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent father appeals from an order that, inter alia, terminated his parental rights with respect to the subject child on the ground of permanent neglect. We affirm.
Contrary to the father's contention, petitioner established that it exercised diligent efforts to encourage and strengthen the parent-child relationship, as required by Social Services Law § 384-b (7) (a). "Diligent efforts include reasonable attempts at providing counseling, scheduling regular visitation with the child, providing services to the parent[ ] to overcome problems that prevent the discharge of the child into [the parent's] care, and informing the parent[ ] of [the] child's progress" (Matter of Jessica Lynn W., 244 AD2d 900, 900-901 [4th Dept 1997]; see § 384-b [7] [f]). The petitioning agency is not required, however, to "guarantee that the parent succeed in overcoming [their] predicaments" (Matter of Sheila G., 61 NY2d 368, 385 [1984]; see Matter of Jamie M., 63 NY2d 388, 393 [1984]). Rather, the parent must "assume a measure of initiative and responsibility" (Jamie M., 63 NY2d at 393). Here, petitioner established by clear and convincing evidence (see § 384-b [3] [g] [i]) that it exercised diligent efforts to encourage and strengthen the father's relationship with the child (see Matter of Janette G. [Julie G.], 181 AD3d 1308, 1308-1309 [4th Dept 2020], lv denied 35 NY3d 907 [2020]). Petitioner developed a plan for services that was designed to address the specific issues that led to the removal of the child from the father's care (see Matter of Ahren B.-N. [Gary B.-N.], 243 AD3d 1295, 1295 [4th Dept 2025]). Among other things, petitioner communicated with the father by sending him monthly diligence letters, which contained referrals to various agencies for court-ordered services; provided a transportation stipend to facilitate the father's visitation with the child, who resided several hours away with the maternal grandfather; arranged for the father to have virtual video visits with the child; conducted service plan reviews; and notified the father of the child's medical appointments (see Matter of Briana S.-S. [Emily S.] [appeal No. 2], 210 AD3d 1390, 1392 [4th Dept 2022], lv denied 39 NY3d 910 [2023]; see generally Matter of Star Leslie W., 63 NY2d 136, 142 [1984]; Matter of Hannah W. [William W.], 182 AD3d 1032, 1033 [4th Dept 2020]). We note that petitioner made those efforts despite evidence that the father was uncooperative with the agency, which frustrated petitioner's meaningful efforts to assist him (see Ahren B.-N., 243 AD3d at 1296; Matter of Kiara F. [Evan F.], 231 AD3d 1489, 1491 [4th Dept [*2]2024]; see generally Star Leslie W., 63 NY2d at 144).
Contrary to the father's further contention, petitioner established that, despite its diligent efforts, the father "failed to plan appropriately for the child's future" (Matter of Jerikkoh W. [Rebecca W.], 134 AD3d 1550, 1551 [4th Dept 2015], lv denied 27 NY3d 903 [2016]). In order to "plan substantially for a child's future, 'the parent must take meaningful steps to correct the conditions that led to the child's removal' " (id.; see Matter of Nathaniel T., 67 NY2d 838, 840 [1986]). Here, the evidence at the fact-finding hearing established that the father did not successfully complete or even participate in any of the court-ordered services to which petitioner had referred him (see Social Services Law § 384-b [7] [c]). The father incorrectly thought that his successful completion of similar services ordered in connection with another of his children—which occurred before the subject child was even born—satisfied his obligation to participate in services ordered in connection with the subject child. Furthermore, the evidence established that the father almost completely failed to participate in visitation with the child, despite the efforts of petitioner (see Matter of Cheyenne C. [James M.] [appeal No. 2], 185 AD3d 1517, 1519-1520 [4th Dept 2020], lv denied 35 NY3d 917 [2020]; see generally Matter of Noah P. [Anthony F.], 246 AD3d 1398, 1400 [4th Dept 2026]). The father did not visit the child in person in Elmira, even though petitioner provided him with transportation vouchers to ease the cost of such visits. He also failed to visit with the child in person when the maternal grandfather brought the child to Buffalo for a medical appointment. In addition, the father participated in only one virtual visit with the child and was generally indifferent to participating in any additional virtual visits. Consequently, petitioner established that the father "failed to address successfully the problems that led to the removal of the child[ ] and continued to prevent the [child's] safe return" (Matter of Kelsey R.K. [John J.K.], 113 AD3d 1139, 1140 [4th Dept 2014], lv denied 22 NY3d 866 [2014] [internal quotation marks omitted]).
We reject the father's contention that the court abused its discretion in terminating his parental rights and declining to enter a suspended judgment (see Matter of Jewels J. [Justin J.], 180 AD3d 1346, 1347 [4th Dept 2020]). A suspended judgment "is a brief grace period designed to prepare the parent to be reunited with the child" (Matter of Michael B., 80 NY2d 299, 311 [1992]; see Family Ct Act
§ 633) and is not warranted where the parent has not made sufficient progress in addressing the issues that led to the child's removal from their custody (see Matter of James P. [Tiffany H.], 148 AD3d 1526, 1527 [4th Dept 2017], lv denied 29 NY3d 908 [2017]; Matter of Sapphire A.J. [Angelica J.], 122 AD3d 1296, 1297 [4th Dept 2014], lv denied 24 NY3d 916 [2015]). Here, as noted above, the record establishes that the father made inadequate efforts to exercise visitation with the child despite the efforts of petitioner and the maternal grandfather to facilitate visits, both in person and virtually. Indeed, the father has not seen the child in person in five years and has participated in only one virtual visitation. Moreover, we note that the child has lived with the maternal grandfather for practically his entire life and has "developed a strong and loving bond" with the maternal grandfather, who wants to adopt him (Jewels J., 180 AD3d at 1347 [internal quotation marks omitted]; see Matter of Burke H. [Richard H.], 134 AD3d 1499, 1502 [4th Dept 2015]). Ultimately, the court's findings are entitled to great deference (see Matter of Matthew S., Jr. [Matthew S.], 169 AD3d 1456, 1456 [4th Dept 2019]; Matter of Alyshia M.R., 53 AD3d 1060, 1061 [4th Dept 2008], lv denied 11 NY3d 707 [2008]), and we conclude that the evidence supports the court's determination that termination of the father's parental rights is in the best interests of the child (see Matter of Alex C., Jr. [Alex C., Sr.], 114 AD3d 1149, 1150 [4th Dept 2014], lv denied 23 NY3d 901 [2014]).
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court